■ In the Matter of EAST RAMAPO TEACHERS ASSOCIATION, Respondent, v EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Appellants. [595 NYS2d 529] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated February 1, 1991, which granted the application of the East Ramapo School Teachers Association to confirm the arbitration award and denied the school district's application to vacate the award.

Ordered that the judgment is affirmed, without costs or disbursements.

The school district's attempt to demonstrate the total irrationality of the arbitrator's interpretation of the parties' collective bargaining agreement is unavailing. It is well established that an arbitrator's interpretation of the parties' contractual agreement "is impervious to judicial challenge even where 'the apparent, or even the plain, meaning of the words' of the contract has been disregarded" *(Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 346, quoting *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582). Here, the undefined contractual term "total instructional load" is ambiguous. Review of the reasoning set forth in the arbitrator's decision reveals that the arbitrator's interpretation of the subject contract provision does not meet the criterion of total irrationality nor may it be characterized as totally irrational. Indeed, regardless of any construction which a court of law might give to the parties' contract, there is a rational basis for the arbitrator's award *(see, Maross Constr. v Central N. Y. Regional Transp. Auth., supra).* Since the school district has not demonstrated that the arbitrator's award is violative of public policy, it has wholly failed to sustain the heavy burden borne by one seeking vacatur of such award *(see, Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23, 28). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.