■ In the Matter of DUTCHESS BUILDING RENOVATIONS, INC., Respondent, v LILA IMMERBLUM, Appellant. [604 NYS2d 125] —In a proceeding pursuant to CPLR article 75, *inter alia,* to confirm an arbitration award, Lila Immerblum appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered May 30, 1991, as, upon renewal, adhered to its prior determination which granted the petition and denied the cross petition to vacate the award.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner and the appellant entered into an agreement for the conversion of the appellant's one-family house into a three-family dwelling. The petitioner began working on the house in May 1989. The parties had differences over the nature and progress of the work. Thereafter, the petitioner ceased work on July 10, 1989. The petitioner commenced this arbitration proceeding pursuant to the parties' agreement. The arbitrator awarded $10,000 to the petitioner in satisfaction of all claims and dismissed all of the counterclaims. The petitioner sought to confirm the award and the appellant cross-petitioned to vacate the award. The Supreme Court granted the petition and denied the cross petition. Upon renewal, the Supreme Court adhered to its original decision. We now affirm.

It is well settled that an arbitration award will not be vacated unless it is violative of a strong public policy, is totally irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power *(see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909). An arbitrator is not bound to abide by the principles of substan-

tive law or rules of procedure which govern the traditional litigation process *(see, Matter of Sprinzen [Nomberg],* 46 NY2d 623). Arbitrators do not even have to make findings, specify the formula used in calculating the award, or indicate the bases for the award *(see, Matter of Reddick & Sons v Carthage Cent. School Dist. No. 1,* 91 AD2d 1182). Moreover, arbitrators do not have to justify their awards; it must merely be evident that there exists a rational basis for an award upon a reading of the record *(see, Caso v Coffey,* 41 NY2d 153).

Here, the arbitrator, who did not exceed his express authority, considered all the claims presented and rendered his award. Since it necessarily decided the factual questions concerning the percentage of work completed and the quality of the work done and whether a home improvement license was needed for this contract, it cannot be said that the award is irrational. Further, there is nothing on the face of the award that indicates that it is violative of public policy *(see, Matter of Hirsch Constr. Co. [Anderson],* 180 AD2d 604; *Matter of Sprinzen [Nomberg], supra).* Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.