■ In the Matter of JOSEPH A. KAPLAN, Appellant, v JERALD WERLIN, Respondent. [626 NYS2d 817] —In a proceeding pursuant to CPLR article 75 to confirm in part and vacate in part an arbitration award, the petitioner appeals from (1) a decision of the Supreme Court, Rockland County (Lefkowitz, J.), dated November 19, 1993, which, after a hearing, determined the respondent's motion for damages pursuant to CPLR

6315, and (2) a judgment of the same court, dated December 14, 1993, entered upon the decision dated November 19, 1993, which is in favor of the respondent and against him in the principal sum of $5,900 plus costs and disbursements.

Ordered that the appeal from the decision dated November 19, 1993 is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner has failed to establish that the court erred in ordering a hearing pursuant to CPLR 6315 on the respondent's application for damages due to the issuance of a temporary restraining order *(see, Matter of Kaplan v Werlin,* 215 AD2d 388 [decided herewith]). The court's determination that the respondent incurred attorney's fees and related monetary damages in the amount of $5,900 in connection with the erroneously granted temporary restraining order is supported by the hearing record. Witness credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact and should not be disturbed when supported, as here, by a fair interpretation of the evidence *(see, Two Guys From Harrison-NY v S.F.R. Realty Assocs.,* 186 AD2d 186).

The petitioner contends that the judgment improperly included costs and disbursements. The petitioner's remedy is to move in the trial court to resettle the judgment as this issue cannot be resolved on the basis of the record on appeal.

We have examined the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.