■ In the Matter of JOSEPH A. KAPLAN, Appellant, v JERALD WERLIN, Respondent. [626 NYS2d 815] —In a proceeding pursuant to CPLR article 75, *inter alia,* to confirm in part and vacate in part an arbitration award, the petitioner appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Lefkowitz, J.), entered November 10, 1992, as granted those branches of the respondent's cross motion which were to confirm the arbitration award and to direct a hearing on damages sustained as the result of the issuance of a temporary restraining order, (2) from stated portions of a judgment of the same court, entered March 30, 1993, which, among other things, is in favor of the

respondent and against him confirming the arbitration award, and (3) an order of the same court dated June 14, 1993, which (a) denied the branch of his motion which was, in effect, to reargue that portion of the order entered November 10, 1992, which directed a hearing on damages and (b) denied in part, his motion to amend the judgment.

Ordered that the appeal from the order entered November 10, 1992, is dismissed; and it is further,

Ordered that the judgment entered March 30, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from that portion of the order dated June 14, 1993, as denied the petitioner's motion to reargue the provision in the order entered November 10, 1992, which directed a hearing on damages is dismissed, as no appeal lies from the denial of a motion to reargue; and it is further,

Ordered that the portion of the order dated June 14, 1993, which denied in part the petitioner's motion to amend the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from that portion of the intermediate order entered November 10, 1992, as granted the respondent's cross motion to confirm the arbitration award must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The appeal from that portion of the intermediate order entered November 10, 1992, which directed a hearing on damages must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment dated December 14, 1993 (see, Matter of Kaplan v Werlin, 215 AD2d 387 [decided herewith]; see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order were brought up for review and have been considered on the appeal from that judgment (see, CPLR 5501 [a] [1]).

The parties participated in an arbitration proceeding to resolve claims under a written retirement agreement which dissolved their law partnership. The arbitration award was issued and required the respondent, inter alia, to provide the petitioner with an accounting of 23 tort cases handled by the partnership and to remit fees based on that accounting. The

petitioner commenced this proceeding to, among other things, set aside that portion of the arbitration award which limited his share of fees to only those 23 tort cases set forth in the award, and the respondent cross-moved, *inter alia,* to confirm the award.

The petitioner contends that the arbitration award should be set aside because the arbitrator misinterpreted the retirement agreement with respect to his share of fees derived from partnership tort cases. However, an arbitration award will not be set aside unless it is against public policy, totally irrational or in excess of the arbitrator's powers *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308; *Matter of Board of Educ. v Mt. Sinai Teachers' Assn.,* 139 AD2d 733). An arbitration award will not be vacated even if the arbitrator misconstrued the plain meaning of the agreement or misapplied substantive rules of law, as long as the determination is not totally irrational or violative of a strong public policy *(see, Maross Constr. v Central N.Y. Regional Transp. Auth.,* 66 NY2d 341, 346; *Matter of Silverman [Benmor Coats], supra).* We conclude that none of the petitioner's arguments warrant vacatur of the award.

We have examined the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.