In the Matter of WEST BABYLON UNION FREE SCHOOL DISTRICT, Appellant, v WEST BABYLON TEACHERS' ASSOCIATION et al., Respondents. [657 NYS2d 902] —In a proceeding pursuant to CPLR article 75 to vacate an arbitrator's award dated January 12, 1995, which found that the petitioner had violated its collective bargaining agreement by demoting a teacher without just cause and ordered the teacher reinstated without back pay, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Hall, J.), dated December 15, 1995, which confirmed the award and dismissed the petition.

Ordered that the judgment is affirmed, with costs.

It is well settled that an arbitration award will not be set aside unless it is against public policy, totally irrational, or in excess of the arbitrator's powers *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Matter of Kaplan v Werlin,* 215 AD2d 388). Contrary to the petitioner's argument, the arbitrator, in interpreting the parties' collective bargaining agreement, did not act in excess of his authority. Nor can it be said that the arbitrator's determination, which found that the contract required that the respondent Martha Kolodkin receive notice of the charges against her, was totally irrational *(see, Maross*

*Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 346; *Matter of East Ramapo Teachers Assn. v East Ramapo Cent. School Dist.,* 191 AD2d 696, 697). To the extent that *Matter of Riverbay Corp. (Local 32-E, S.E.I.V., AFL-CIO)* (91 AD2d 509) may support the petitioner's position, we decline to follow that case.

We have considered the petitioner's remaining contention and find it to be without merit. Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.