■ In the Matter of COUNTY OF WESTCHESTER, Appellant, v FRANK ALFONSO, Respondent. (Proceeding No. 1.) In the Matter of WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION et al., Respondents, v COUNTY OF WESTCHESTER, Appellant. (Proceeding No. 2.) [664 NYS2d 114] —In related proceedings pursuant to CPLR 7511 to (1) vacate so much of an arbitrator's award, dated December 15, 1995, as granted Frank Alfonso predetermination compensation benefits, and (2) confirm the award, the County of Westchester appeals from so much of a judgment of the Supreme Court, Westchester County (Scarpino, J.), entered August 6, 1996, as denied the petition in Proceeding No. 1 to vacate and granted that branch of the petition in Proceeding No. 2 which was to confirm that portion of the award.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Upon our review of the record, we find that the Supreme Court properly refused to vacate the arbitrator's award of predetermination compensation benefits to Correction Officer Frank Alfonso. It is well settled that an arbitration award will not be set aside "unless it is violative of a strong public policy, is totally irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909; *see, Matter of West Babylon Union Free School Dist. v West Babylon Teachers' Assn.,* 237 AD2d 615; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union,* 180 AD2d 798). Here, the record reveals that in 1993, the County of Westchester (hereinafter the County) and the Westchester County Correction Officers Benevolent Association entered into a consent award in which the County agreed to pay any claimant who had stated a "prima facie" case, "correction Compensation Benefits until a hearing has been held and a determination has been rendered". The consent award further provided that "the term 'prima facie' shall mean that the claimant's version of the facts is assumed to be truthful and

accurate". Since Alfonso's claim was sufficient to demonstrate his prima facie entitlement to compensation benefits pursuant to the consent award, there is a rational basis for the arbitrator's conclusion that he was entitled to receive benefits up until the date that the determination finding him medically able to perform regular duty was rendered. Moreover, the arbitrator's determination did not exceed his powers, or violate public policy (*see, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341; *Matter of Sprinzen [Nomberg],* 46 NY2d 623). Miller, J. P., Ritter, Altman and Krausman, JJ., concur.