■ In the Matter of WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., Respondent, v COUNTY OF WESTCHESTER et al., Appellants. [668 NYS2d 96] —In a proceeding, *inter alia*, to permanently enjoin the respondents from violating the terms of an arbitration award entered on the consent of the parties, dated February 25, 1993, the appeal is from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered December 2, 1996, as directed the County of Westchester to provide compensation benefits to correction officers pending the hearing and determination of claims pursuant to General Municipal Law § 207-c.

Ordered that the order is modified, on the facts, by adding to the third line of the penultimate paragraph after the word "honored" the words "if the correction officer states a prima facie case"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to the terms of the consent award entered into between the parties, the County of Westchester must pay "correction compensation benefits until a hearing has been held and a determination has been rendered" to any claimant who has stated a "prima facie" case (*see, Matter of County of Westchester v Alfonso*, 244 AD2d 482). Miller, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY ANDERSON, Appellant. [667 NYS2d 948] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered December 20, 1995, convicting him of criminal sale of a controlled substance in the third degree and attempted robbery in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte*, 90 AD2d 80, 85).

The defendant's remaining contention is without merit. Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.