■ In the Matter of BOARD OF EDUCATION OF THE HEMPSTEAD UNION FREE SCHOOL DISTRICT, Respondent, v HEMPSTEAD CLASSROOM TEACHERS ASSOCIATION et al., Appellants. [674 NYS2d 712] —In a proceeding pursuant to CPLR article 75 to vacate

an arbitration award, Hempstead Classroom Teachers Association and William Gray appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated March 31, 1997, which granted the petition, denied the cross application to confirm the award, and directed a rehearing before the arbitrator.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the cross application to confirm is granted.

The arbitrator's conclusion that the termination of William Gray as a probationary teacher violated the subject collective bargaining agreement was entirely rational and did not constitute a rewriting of that agreement (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907; *Matter of Local Div. 1179 [Green Bus Lines]*, 50 NY2d 1007; *Matter of West Babylon Union Free School Dist. v West Babylon Teachers' Assn.*, 237 AD2d 615; *Matter of Dutchess Bldg. Renovations v Immerblum*, 198 AD2d 413; *Matter of East Ramapo Teachers Assn. v East Ramapo Cent. School Dist.*, 191 AD2d 696). Moreover, the unsubstantiated assertion of the Board of Education of the Hempstead Union Free School District (hereinafter the Board) that the arbitrator erred as to the date upon which Gray's fourth year of probationary employment commenced provides no basis for vacatur, since it is axiomatic that "an arbitrator's award will not be vacated for errors of law and fact committed by the arbitrator" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629).

The Board's contention that the award is violative of public policy is improperly raised for the first time on appeal (*see, Matter of County of Suffolk v Faculty Assn.*, 247 AD2d 472) and, in any event, is without merit (*see generally, Matter of Sprinzen [Nomberg], supra; Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774; *Board of Educ. v Bellmore-Merrick United Secondary Teachers*, 39 NY2d 167). Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.