■ In the Matter of WINDSOR METAL FABRICATION, LTD., Respondent, v YORK HUNTER CONSTRUCTION, INC., Appellant. [710 NYS2d 538] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Rockland County (Murphy, J.), dated August 19, 1999, which, upon an order of the same court dated August 10, 1999, confirming the arbitration award, is in favor of the petitioner and against York Hunter Construction, Inc., in the principal sum of $92,408.

Ordered that the notice of appeal from the order is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

An arbitration award will not be vacated even if the arbitrator misconstrues or disregards the plain meaning of the parties' contract or misapplies substantive law, unless the award is totally irrational or violative of a strong public policy (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308; *Matter of Exercycle Corp. [Maratta]*, 9 NY2d 329, 336-337; *Matter of Kaplan v Werlin*, 215 AD2d 388, 390). Here, there is no claim that the arbitrator's award violated public policy and the appellant failed to demonstrate that the award was irrational. Consequently, the Supreme Court properly granted the petition to confirm the award. Bracken, J. P., Ritter, Altman and Feuerstein, JJ., concur.