Following a hearing, the petitioner, a tenured guidance counselor, was found guilty of 14 charges of misconduct, and 27 specifications thereunder. The various charges were based on the petitioner’s conduct over the course of three years, which spanned the entire time of her tenure, establishing a pattern of harassing, demeaning, and continuous bullying of her less senior colleagues, as well as efforts to sabotage the ability of certain colleagues to gain tenure.
Education Law § 3020-a (5) limits judicial review of an *998 arbitrator’s determination, made after compulsory arbitration, to the grounds set forth in CPLR 7511. The grounds for vacating an award thereunder include, inter alia, misconduct, abuse of power, and procedural irregularities (see CPLR 7511 [b] [1] [i], [iii], [iv]). However, “[w]here, as here, parties are subject to compulsory arbitration, the award must satisfy an additional layer of judicial scrutiny — it ‘must have evidentiary support and cannot be arbitrary and capricious’ ” (City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919 [2011], quoting Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]), and it must be in accord with due process (see Motor Veh. Mfrs. Assn, of U.S. v State of New York, 75 NY2d 175, 185 [1990]; Caso v Coffey, 41 NY2d 153, 156 [1976]; Matter of Hegarty v Board of Educ. of City of N.Y., 5 AD3d 771, 772 [2004]). “When reviewing compulsory arbitrations in education proceedings such as this, the court should accept the arbitrators’ credibility determinations, even where there is conflicting evidence and room for choice exists” (Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d 1012, 1013 [2009]; see Matter of Tasch v Board of Educ. of City of N.Y., 3 AD3d 502, 503 [2004]).
On appeal, the petitioner challenges the arbitrator’s finding of guilt as to several of the charges sustained against her. Some of her arguments are raised for the first time on appeal and, therefore, are not properly before this Court (see Matter of Roemer v Board of Educ. of City School Dist. of City of N.Y., 268 AD2d 479, 480 [2000]; Matter of Board of Educ. of Hempstead Union Free School Dist. v Hempstead Classroom Teachers Assn., 251 AD2d 502, 503 [1998]). As to the remaining challenges, the award was not arbitrary and capricious or irrational, and there was evidentiary support for the arbitrator’s finding of guilt as to each of the charges. The arbitrator engaged in a thorough analysis of the circumstances, evaluated the witnesses’ credibility, and arrived at a reasoned conclusion that termination of the petitioner’s employment was an appropriate penalty. It was rational for the arbitrator to find that the petitioner’s actions warranted termination under the circumstances of this case.
The petitioner was not denied due process. She received adequate notice of the charges against her in accordance with Education Law § 3020-a (2) (a).
The petitioner’s remaining contentions are without merit. Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.