In the Matter of the Arbitration between MARY FRIEDLAND, Appellant, and WILLIAM FRIEDLAND, Respondent.

First Department, January 31, 1956.

*Jacob Leiman* of counsel (*Leiman & Trace,* attorneys), for appellant.

*Monroe I. Katcher, II,* for respondent.

BOTEIN, J. The parties are copartners operating a retail liquor store pursuant to a partnership agreement. Appellant owns a two-thirds interest in the business, and respondent a one-third interest. The agreement provides that " [a]ll matters of general policy of Partnership shall be determined after collaboration by the Partners, but the final determination shall be in accordance with the majority interest in the Partnership."

It is also provided that differences or disputes are to be submitted to arbitration.

Friction has arisen between the copartners. Respondent, charging that he was being excluded from the affairs of the partnership, served a notice of intention to conduct arbitration of the dispute between the parties as to whether or not he was being wrongfully excluded from (a) participation in the conduct of the partnership business, (b) performance of his duties as a member of the partnership, (c) participation in the management and supervision of partnership assets, and (d) participation in the supervision and maintenance of the books and records of the partnership business. No other relief was asked. Appellant then moved for an order staying the arbitration. Special Term denied the motion, and ordered the arbitration to proceed.

Section 1448 of the Civil Practice Act provides that "two or more persons may submit to the arbitration of one or more arbitrators any controversy existing between them at the time of the submission *which may be the subject of an action,* or they may contract to settle by arbitration a controversy thereafter arising between them". The section further provides that such submission "may *include questions* arising out of valuations, appraisals *or other controversies* which may be collateral, incidental, precedent, subsequent to or *independent of any issue between the parties.*" (Emphasis supplied.)

It is clear that the items submitted by the respondent for arbitration do not in themselves spell out a controversy that could be the subject of an action. They are merely requests for findings of fact, unconnected with any request for any type of relief.

Litigation, whether pursued before the courts or a more informal arbitration tribunal of the parties' choice, is designed to resolve dispute. To that end it must have form, purpose and direction. To try out and decide the detached issues of fact here submitted for arbitration might determine certain controverted issues but would tend to hamper, rather than advance, settlement of the controversy itself. Such an arbitration would at best be the prelude to a later and proper submission, under which an arbitrator could resolve some controversy after the ultimate plan and purpose of the arbitration had been made apparent. It is only within the framework of the relief sought that any arbiter can sensibly determine the weight and materiality of the facts and integrate them into his final decision. While we now encourage pretrial disclosures of evidence, such evidence must be germane to an adequately pleaded cause of

action, and must also be utilizable upon the ultimate trial. There is no assurance here that a second arbitrator will adopt the findings of the first arbitrator; and the law does not encourage meaningless dress rehearsals of disconnected parts of a controversy.

The submission is completely devoid of any demand for legal or equitable relief. No damages are requested, no injunction or accounting is asked for. All that is sought are findings that respondent has been excluded from the business. This cannot even be the subject of an action for a declaratory judgment, since respondent does not ask for a declaration of the rights or legal relations of the parties with respect to their obligations (Civ. Prac. Act, § 473).

Section 1448 does not authorize the submission to arbitration of a dispute which could not itself be the subject of an action (*Matter of Kallus* [*Ideal Novelty & Toy Co.*], 292 N. Y. 459, 462; *Matter of Stern* [*Stern*], 285 N. Y. 239; *Matter of Robinson*, 271 App. Div. 98). While the submission may *include* questions or controversies collateral, incidental, precedent, or even independent of the arbitrable issue, it is certainly not contemplated that such incidental or independent questions can be presented for arbitration entirely separate and apart from a controversy upon which a judgment may be entered (*Matter of Delmar Box Co.* [*Ætna Ins. Co.*], 309 N. Y. 60).

It would be fruitless to allow an arbitration based upon the present submission to proceed to the end. '' An agreement for arbitration ordinarily encompasses the disposition of the entire controversy between the parties, upon which judgment may be entered after judicial confirmation of the arbitration award ''. (*Matter of Delmar Box Co.* [*Ætna Ins. Co.*], *supra*, p. 63.) If the arbitrators merely find the facts requested, and grant no relief, no judgment can be entered thereon; but if they go further, and grant affirmative legal or equitable relief, the award would have to be vacated as exceeding the powers conferred upon them by the submission (Civ. Prac. Act, § 1462, subd. 4). There is something abhorrent to all our notions of due process in the prospect of a party going through an entire proceeding with no notice from the very outset as to what ultimate consequences may be in store for him.

The order appealed from should be reversed, and the arbitration stayed, without prejudice to respondent's rights to proceed upon a proper submission. It will then be up to the arbitrators to determine whether or not the dispute is one concerning general partnership policy determinable under the

contract by majority interest, and whether, in the light of that, any affirmative relief can be awarded to the respondent.

BREITEL, J. P., COX, FRANK and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted, without prejudice to respondent's rights to proceed upon a proper submission, under the contract.