■ In the Matter of the Arbitration between CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 842, CITY OF TROY UNIT, Appellant, and CITY OF TROY, Respondent.—Yesawich, Jr., J.

Appeal from that part of an order of the Supreme Court at Special Term (Hughes, J.), entered February 27, 1985 in Albany County, which granted respondent's cross motion to modify an arbitration award by deleting the third paragraph thereof.

A collective bargaining agreement between petitioner and respondent established a five-day, Monday through Friday work schedule for 1983 for respondent's maintenance employees at a golf course operated by respondent. However, in May 1983, respondent unilaterally extended the regular work week of these employees so as to include a Saturday or Sunday in their five days of weekly service. The employees objected to this change through their representative, petitioner, and in due course the latter filed a demand for arbitration with the Public Employment Relations Board. That demand defined the grievance, but was silent as to the relief desired; nonetheless, the arbitration proceeded without interruption. The parties agreed to forego a hearing, opting instead to stipulate to the facts and to submit briefs to the arbitrator, which they apparently did on the same day. There, for the first time, petitioner delineated the remedy sought, namely, reinstitution of the Monday through Friday schedule and also overtime pay or compensatory time off for those weekend days the employees had worked. In his decision, the arbitrator found that respondent had violated the collective bargaining agreement and allowed petitioner the relief it had requested.

When petitioner moved to confirm the award, respondent countered that the arbitrator had impermissibly exceeded his powers by giving the employees overtime or compensatory time off. Special Term observed that the arbitrator made an award on a matter not submitted to him and, relying on *Matter of De Benedetto (Government Employees Ins. Co.)* (75 AD2d 642) and *Matter of Friedland* (1 AD2d 129), granted respondent's cross motion to delete that aspect of the award and, with that modification, confirmed the award. Petitioner maintains that the court was not justified in disturbing the award.

A public policy of long standing encourages deference to arbitration decisions. Indeed, in *Matter of Silverman (Benmore Coats)* (61 NY2d 299), the Court of Appeals recently noted that the Legislature has made it apparent in a variety of ways that: "once it is clear that a valid agreement to arbitrate has been made and complied with and that the claim sought to be arbitrated is not barred by limitations, the authority of the arbitrator is plenary" (p 307). "[A]ny limitation upon [this

plenary] power of the arbitrator must be set forth as part of the arbitration clause itself" *(supra).* In the absence of any such restriction, it is the arbitrator's duty "to 'reach a just result regardless of the [legal] technicalities' " *(Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167, 172, quoting *Matter of Associated Teachers v Board of Educ.,* 33 NY2d 229, 235). The role of the arbitrator is considered akin to that of a judge sitting in equity; as such, he is empowered to fashion an award which does justice as he perceives it, regardless of what may have been asked for *(Matter of Silverman [Benmore Coats], supra,* p 308; *see also, Board of Educ. v Bellmore-Merrick United Secondary Teachers, supra,* p 172; *Matter of Feuer Transp. [Local No. 445],* 295 NY 87, 92). Courts are bound to operate within this legal framework; hence, judicial approbation of an arbitration award must necessarily result unless the award contravenes a strong public policy, is totally irrational or exceeds a specifically enumerated limitation on the arbitrator's power *(see, e.g., Matter of Silverman [Benmore Coats], supra,* p 308).

Even in the latter circumstance, "the contention that a claim proposed to be submitted to arbitration is in excess of the arbitrator's power is waived unless raised by an application for a stay" (p 309). That is precisely what occurred here, for respondent essentially urges that the arbitrator passed upon an issue which was not properly before the arbitrator, the remedy. Despite petitioner's failure to specify the relief desired in its demand for arbitration, respondent unaccountably did not apply for a stay, but instead participated in the arbitration process. This conduct, coupled with the lack of any language in the bargaining agreement circumscribing the arbitrator's obligation to reach a just result and the absence of any indication in the arbitration demand that petitioner was seeking only declaratory relief, leads us to conclude that the parties authorized the arbitrator to forge a fair-minded remedy. Since reinstitution of the Monday through Friday work week and granting overtime or compensatory time off for work performed by the employees on the weekend days rationally rectifies their grievance, violates no public policy and transcends no express limitation on the arbitrator's authority, confirmation of the arbitration award in toto is called for.

Order modified, on the law, with costs to petitioner, by reversing so much thereof as granted respondent's cross motion; cross motion denied and award confirmed in its entirety; and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.