■ JOHN S. LEHMAN, Appellant-Respondent, v SAGE METAL TRADING CORP. et al., Respondents-Appellants.—Order and judgment (one paper), Supreme Court, New York County (Cohen, J.), entered December 6, 1985, denying appellant Lehman's motion to confirm an award of arbitration, dated September 6, 1985, and granting the cross motion of respondents, respectively and collectively, to vacate the award, unanimously reversed, on the law, the motion to confirm granted and the cross motion denied, with costs and disbursements. Respondents cross-appeal from that portion of the order and judgment directing the parties to return to the same arbitrators for reconsideration and restatement of the remedy is dismissed as moot, without costs.

The individual parties, shareholders of the respondent corporations, by written agreement provided the method by which a shareholder would be required to dispose of his shares upon termination of his employment with the corporations. The shareholders' agreement included a provision for arbitration. A dispute arose between Lehman and the other shareholders, the latter contending that by his actions Lehman had voluntarily resigned from his employment or had been terminated for cause. Lehman initiated arbitration seeking, in the main, the relief that he had neither resigned nor had he been terminated, and entitlement to "all compensation and benefits accruing from [his] tenure".

At the arbitration, Lehman sought to amend his claim for relief to include the transfer of the corporations' interest in an automobile provided to him, payment of unreimbursed expenses and salary, and an option to sell his stock to the other shareholders for $352,500. The arbitrators reserved decision on their acceptance of the amended claim. While they never explicitly accepted it, their acceptance is implicit in their award, if, in fact, the award granted was not sought in the original claim. The arbitrators awarded Lehman the interest in the automobile and payment by the respondents, jointly and severally, of $320,000, which sum included compensation for his shares which he was directed to tender.

In its ruling Special Term held that since the award's disposition of the stock was not in accord with the stock disposal requirements of the shareholders' agreement, it constituted a "scrapping of the contract under which arbitration is sought". Citing CPLR 7511 (b) (1) (iii), it concluded that the arbitrators had exceeded their powers.

The arbitration clause here is broad. It covers "[a]ny dispute or controversy of any kind or nature, relating to this Agreement or the breach thereof". The arbitration provision of the agreement contains no limitation on the powers of the arbitrators. Such powers will be restricted only by limitations expressly set forth in the arbitration clause itself. Such limitation being absent, it was error for Special Term to have inferred a limitation by looking to the substantive provisions of the shareholders' agreement. (See, Matter of Silverman [Benmor Coats], 61 NY2d 299, 307.) Nor are the arbitrators restricted to the remedy sought by the parties. (Supra, p 308.) Concur—Murphy, P. J., Sandler, Lynch, Kassal and Ellerin, JJ.