Second Department, December, 1988

(December 5, 1988)

■ Angelo's Construction Co., Inc., Respondent, v Triangle Fixture and Refrigeration Co., Inc., Appellant. American Arbitration Association, Respondent.—In a proceeding pursuant to CPLR article 75 to disqualify the members of an arbitration panel, the Triangle Fixture and Refrigeration Co., Inc., appeals from so much of an order of the Supreme Court, Queens County (Hentel, J.), dated February 19, 1988, as granted the application and directed the American Arbitration Association to appoint a new panel.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the proceeding is dismissed on the merits.

The petitioner contends that the arbitrators exceeded their powers by refusing to acknowledge a provision which was added by the parties to a standard form subcontract agreement. The petitioner singles out one arbitrator who allegedly expressed the view that he would not be bound by the terms and provisions of the subcontract, but would instead apply his knowledge of custom and usage in the industry. Additionally, the petitioner claims that the members of the arbitration panel should be disqualifed because they purposefully delayed the hearings in order to extract additional fees from the parties.

The arbitrators' interpretation of the parties' subcontract is impervious to judicial challenge even where the apparent or plain meaning of the words of the agreement have been disregarded *(see, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341). Arbitrators are often chosen because of their expertise in a particular area and they are allowed to focus their expertise on a particular point *(see,*

*Matter of Goldfinger v Lisker,* 68 NY2d 225, 231, *remittitur amended* 69 NY2d 729). Since the petitioner instituted this proceeding in the midst of the arbitration hearings, it had not yet had the opportunity to present its case. Accordingly, its application is premature. If the arbitrators do in fact exceed their authority and render an improper award, the award will be subject to vacatur pursuant to CPLR 7511 (b) *(see, Matter of Siegel,* 40 NY2d 687, *rearg denied* 41 NY2d 901). Regarding the petitioner's objection to the arbitrators' alleged squandering of time in order to secure a fee for a second day of hearings, we note that this is not a proper ground for disqualification *(see,* CPLR 7511 [b] [2]; *Rabinowitz v Olewski,* 100 AD2d 539). Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.