■ In the Matter of the Arbitration between FABERGE, INCORPORATED, Formerly Known as MCGREGOR CORPORATION, Appellant, and FELSWAY CORPORATION, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Martin B. Stecher, J.), entered May 26, 1988, which denied petitioner's motion to confirm an arbitration award, granted respondent's cross motion to vacate the award, and ordered a rehearing of all issues before a new arbitrator, unanimously reversed, on the law, the motion to confirm is granted and the cross motion to vacate denied, with costs.

Respondent contends that the arbitrator exceeded his power by rendering an award based in part on a theory, and according petitioner a remedy that was not noticed in petitioner's demand for arbitration. Petitioner licensor's demand sought, *inter alia,* payment of a royalty which, under the parties' license agreement, was to be computed as a percentage of the business transacted by respondent licensee in the licensed product. As a necessary incident to such relief, the demand also sought an accounting of the business so transacted. When, however, at the commencement of the hearing, respondent came forward with proof that it had not transacted any business in the licensed product, petitioner, changing the theory of its claim, invoked another provision of the parties' agreement obligating respondent to use "reasonable efforts" to promote business in the licensed product. Over respondent's objection, petitioner was then permitted to adduce proof of respondent's failure to use reasonable efforts, and, in the end, was granted an award purporting to compensate it for the royalty that would have been generated had reasonable efforts been made.

We disagree with respondent, and IAS, that the arbitrator exceeded his power in permitting petitioner to orally amend its claim in this fashion at the hearing without any prior notice. In fashioning an award, arbitrators are not limited to the remedies requested by the parties *(Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). Events that occur subsequent to the service of the demand *(see, Matter of Langston Enters. [Diamond Rug & Carpet Mills]*, 95 AD2d 740) and proofs developed during the course of the hearing *(see, Board of Educ. v Bellmore-Merrick United Secondary Teachers*, 39 NY2d 167; *cf., Matter of Civil Serv. Employees Assn. [City of Troy]*, 117 AD2d 944) might render the requested remedy inappropriate, but can nevertheless be taken into account by the arbitrator for purposes of fashioning another remedy to do justice as he perceives it. Indeed, the very rules of the arbitral forum to which the parties submitted their dispute expressly empower the arbitrator to entertain "new and different" claims not noticed in the demand for arbitration (Commercial Arbitration Rules of American Arbitration Association, rule 8; *see, Matter of North Am. Foreign Trading Corp. [Rosen]*, 58 AD2d 527). And, because those rules were incorporated by reference into the parties' agreement via a broad arbitration clause, their interpretation and application by the arbitrator, including any requirements of additional notice when a new and different claim is made, are not subject to judicial review *(Matter of Kingsley [Redevco Corp.]*, 61 NY2d 714, *affg* 97 AD2d 364). Here, respondent's proof that it had not transacted any business in the licensed product, while rendering petitioner's demand for an accounting superfluous, raised a new dispute between the parties, also arbitrable under their agreement, as to whether respondent used reasonable efforts to promote business in the licensed product. In deciding to take up that dispute, the arbitrator did not exceed his power.

Of course, an award is subject to vacatur for arbitrator misconduct pursuant to CPLR 7511 (b) (1) (i) if, in deciding a dispute, be it one noticed in the demand or first raised only at the hearing, the arbitrator prejudices the opponent of the claim by not giving it a fair opportunity to prepare or present a defense *(see,* 8 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 7511.12, 7511.13, 7511.15). Here, however, any such claim of prejudice is undermined by respondent's failure to request an adjournment of the hearing in order to prepare its case against the newly asserted claim *(Clarendon Vending Corp. v Picciola*, 80 AD2d 907; *see, Matter of Griffin v Ayash*, 125 AD2d 226). Concur—Sullivan, J. P., Asch, Milonas, Kassal and Wallach, JJ.