◼ CSP Technologies, Inc., et al., Appellants, v Ihab M. Hekal, Respondent. [869 NYS2d 449]—

The court lacked authority to entertain the petition to review an intermediary ruling of the arbitrators on a procedural matter (*see Mobil Oil Indonesia v Asamera Oil [Indonesia]*, 43 NY2d 276 [1977]; *Avon Prods. v Solow*, 150 AD2d 236, 239-240 [1989]). Such intervention is not authorized by the CPLR, and is proscribed as a matter of policy. The relief "would disjoint and unduly delay the proceedings, thereby thwarting the very purpose of" arbitration (*Mobil Oil Indonesia*, 43 NY2d at 282).

With respect to the cross motion, the court erroneously determined that the arbitrators lacked authority to direct the parties to produce documents. Although the CPLR does not itself authorize arbitrators "to direct the parties to engage in disclosure proceedings" (*De Sapio v Kohlmeyer*, 35 NY2d 402, 406 [1974]), no statute or policy prevents parties from charting their own procedural course in arbitration by voluntarily agreeing to abide by the rules of the arbitral forum, including, as in this case, rules permitting the arbitrators to direct the exchange

of information (*see* American Arbitration Association Commercial Arbitration rule R-21 [a] [i]). The strong policy of this State requires the courts to enforce arbitration agreements as written, and to leave to the arbitrators the interpretation and application of the procedural rules of the arbitral forum (*Matter of Sobel [Charles Schwab & Co., Inc.]*, 37 AD3d 877, 878 [2007]; *Matter of Faberge, Inc. [Felsway Corp.]*, 149 AD2d 369, 370 [1989], *lv denied* 74 NY2d 610 [1989]). Concur—Mazzarelli, J.P., Gonzalez, Catterson, McGuire and Acosta, JJ. [*See* 2007 NY Slip Op 34200(U).]