■ In the Matter of GENEVA CITY SCHOOL DISTRICT, Appellant, v ANONYMOUS, Respondent. [908 NYS2d 506]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered April 23, 2009. The order denied the petition to vacate an arbitration award.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner filed 16 disciplinary charges pursuant to Education Law § 3020-a against respondent, a tenured teacher employed by petitioner as a high school librarian. Respondent requested a hearing, and the parties selected, "by mutual agreement," an arbitrator to serve as the Hearing Officer (§ 3020-a [3] [b] [ii]). At the commencement of the hearing, respondent moved for summary judgment dismissing 11 of the 16 charges. The Hearing Officer made an "interim award" granting the motion. Before the hearing reconvened on the remaining charges, petitioner commenced this proceeding seeking to vacate the interim award, contending that it was irrational and violated an important public policy. Supreme Court rejected those contentions and denied the petition.

We affirm, but for a different reason. The interim award was not "a final and definite award" resolving the matter submitted for arbitration (CPLR 7511 [b] [1] [iii]; see *Matter of Town of Southampton v Patrolman's Benevolent Assn. of Southampton Town, Inc.*, 8 AD3d 580 [2004]). Inasmuch as the interim award does not constitute a "final determination[ ] made at the conclusion of the arbitration proceedings" (*Mobil Oil Indonesia v Asamera Oil [Indonesia]*, 43 NY2d 276, 281 [1977]), there is no authority for judicial intervention at this juncture (see *Town of Southampton*, 8 AD3d 580 [2004]; *Matter of Adelstein v Thomas J. Manzo, Inc.*, 61 AD2d 933 [1978]). Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.