OPINION OF THE COURT
Francois A. Rivera, J.
Background
The verified petition alleges the following salient facts. Petitioner was employed by the respondents as an English as a second language teacher at the Urban Assembly School for Criminal Justice in Brooklyn, New York. In September 2013, the respondents approved charges to be filed against the petitioner. Within 10 days of receipt of the charges, petitioner requested a hearing pursuant to Education Law § 3020-a (hereinafter the 3020-a hearing). By notice of motion, dated May 9, 2014, petitioner sought dismissal of the charges filed against him (hereinafter the motion). The motion was served on the respondents and was noticed to be heard by arbitrator Stephen O’Beirne at a prehearing conference scheduled for May 16, 2014.
The motion claimed that the respondents were time-barred pursuant to Education Law § 3020-a (3) (c) (vii) from offering any evidence against the petitioner at the 3020-a hearing necessitating dismissal of the charges. On May 16, 2014, arbitrator Stephen O’Beirne orally denied the motion to dismiss finding that extraordinary circumstances existed to permit the introduction of evidence at the 3020-a hearing.
Law and Application
Education Law § 3020-a, generally known as the Tenure Law, affords procedural protections to tenured teachers, in that a tenured teacher cannot be discharged from employment without proper cause, notice, and a hearing (Matter of Sanders v Board of Educ. of City School Dist. of City of N.Y., 17 AD3d 682, 683 [2d Dept 2005]). The purpose of the statute is to protect teachers from the arbitrary imposition of formal discipline or removal (id.).
*837 The legal principles governing judicial review of such arbitrations were summarized in Lackow v Department of Educ. (or “Board”) of City of N.Y. (51 AD3d 563 [1st Dept 2008]). There, the Court wrote:
“Education Law § 3020-a (5) provides that judicial review of a hearing officer’s findings must be conducted pursuant to CPLR 7511. Under such review an award may only be vacated on a showing of misconduct, bias, excess of power or procedural defects. Nevertheless, where the parties have submitted to compulsory arbitration, judicial scrutiny is stricter than that for a determination rendered where the parties have submitted to voluntary arbitration. The determination must be in accord with due process and supported by adequate evidence, and must also be rational and satisfy the arbitrary and capricious standards of CPLR article 78. The party challenging an arbitration determination has the burden of showing its invalidity” (Lackow, 51 AD3d at 567-568 [internal quotation marks and citations omitted]).
The following facts are not in dispute. Petitioner is a tenured New York City schoolteacher. In September 2013, the respondents approved charges to be filed against the petitioner for neglect of duty, misconduct and incompetent and inefficient service during the 2011-2012 and 2012-2013 school years. Within 10 days of receipt of the charges, petitioner requested a hearing pursuant to Education Law § 3020-a. Petitioner also brought a motion to dismiss, noticed to be heard at the prehearing conference scheduled for May 16, 2014, seeking an order pursuant to Education Law § 3020-a (3) (c) (vii) barring any evidence to be admitted by the respondents.
Education Law § 3020-a (3) (c) (vii) provides as follows: “All evidence shall be submitted by all parties within one hundred twenty-five days of the filing of charges and no additional evidence shall be accepted after such time, absent extraordinary circumstances beyond the control of the parties.”
Petitioner’s motion was made more than 125 days after the filing of charges against him. His claim was that the respondents are time-barred pursuant to Education Law § 3020-a (3) (c) (vii) from introducing any evidence against him at the 3020-a hearing.
The respondents opposed the motion. On May 16, 2014, arbitrator Stephen O’Beirne orally denied the motion to dismiss. *838 He stated in sum and substance that the high volume of pending 3020-a hearings and the limited number of arbitrators to conduct them presented extraordinary circumstances beyond the parties’ control.
Petitioner now moves pursuant to CPLR 7511 and article 78 to vacate arbitrator O’Beirne’s determination to permit the introduction of evidence at the 3020-a hearing and to deny his motion to dismiss the charges filed against him. As of the date of the filing of the instant petition, the 3020-a hearing pending against the petitioner has not been commenced. Consequently, there has been no final determination of the charges pending against the petitioner.
CPLR 7511 is the procedural vehicle for vacating or modifying an arbitration award. It provides the time frame and the grounds for applying for this relief. In the case at bar, there is no arbitration award to vacate or modify. Rather, the arbitrator has denied petitioner’s motion to preclude the introduction of evidence and to dismiss the charges based on the preclusion. A decision to deny a motion to preclude the introduction of evidence is not an arbitration award within the intendment of CPLR 7511. It is at best an interlocutory ruling and not a final and definite award resolving the matter submitted for arbitration (see Matter of Geneva City School Dist. v Anonymous, 77 AD3d 1365 [4th Dept 2010]).
As a general rule, a court lacks authority to entertain a petition to review an interlocutory ruling of an arbitrator on a procedural matter (Matter of Board of Educ. of Hauppauge Union Free Sch. Dist. v Hogan, 109 AD3d 817, 817-818 [2d Dept 2013], citing Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276, 281 [1977], and CSP Tech., Inc. v Hekal, 57 AD3d 372 [1st Dept 2008]; but see also Matter of Board of Educ. of Hauppauge Union Free Sch. Dist. v Hogan, 109 AD3d 817 [2d Dept 2013]).
Moreover, the determination to allow or preclude the introduction of evidence pursuant to Education Law § 3020-a (3) (c) (vii) is a determination to be made by the arbitrator in the first instance and is not subject to judicial review pursuant to CPLR 7511 or article 78 in the midst of the hearing.
The arbitrators’ interpretation of the parties’ arbitration agreement is impervious to judicial challenge even where the apparent or plain meaning of the words of the agreement has been disregarded (Angelo’s Constr. Co. v Triangle Fixture & Refrig. Co., 145 AD2d 394 [2d Dept 1988], citing Maross Constr. v *839 Central N.Y. Regional Transp. Auth., 66 NY2d 341 [1985]). Arbitrators are often chosen because of their expertise in a particular area and they are allowed to focus their expertise on a particular point (Angelo’s Constr. Co. v Triangle Fixture & Refrig. Co., 145 AD2d 394 [2d Dept 1988], citing Matter of Goldfinger v Lisker, 68 NY2d 225, 231 [1986]).
Since the petitioner instituted this proceeding before the arbitration hearing actually commenced, the respondents have not yet had the opportunity to present their case. Furthermore, the arbitrator’s decision to permit evidence to be introduced did not resolve the matter submitted for arbitration. If the arbitrator does in fact exceed his authority and render an improper award, the award will be subject to vacatur pursuant to CPLR 7511 (b) (Angelo’s Constr. Co. v Triangle Fixture & Refrig. Co., 145 AD2d 394 [2d Dept 1988]). Petitioner must await the outcome of the Education Law § 3020-a hearing and the issuance of an award before he may move to vacate or modify it pursuant to CPLR 7511.
Petitioner also seeks an order awarding costs and attorney’s fees. However, contrary to the requirements of CPLR 2214 he did not cite any law, or state any argument in support of the request. CPLR 8106 provides that costs upon a motion may be awarded to any party, in the discretion of the court, and absolutely or to abide the event of the action. CPLR 8101 provides that the party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances (CPLR 8001). The party to whom costs are awarded is entitled to recover reasonable and necessary expenses as are taxable according to the course and practice of the court, by express provision of law or by order of the court (CPLR 8301 [a]). Inasmuch as the petitioner has not obtained a judgment in his favor, he is not entitled to costs pursuant to CPLR 8101 or disbursements pursuant CPLR 8001. The court in an exercise of discretion declines to award costs in connection with the instant petition pursuant to CPLR 8106.
“Under the general rule, attorney’s fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule” (Pickett v 992 Gates Ave. Corp., 114 AD3d 740, 741 [2d Dept 2014], citing Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). Accordingly, there is no *840 basis for ordering a monetary award for the expenses of prosecuting the instant action including attorney’s fees.
Conclusion
Petitioner’s petition for an order vacating the May 16, 2014 decision of arbitrator O’Beirne to allow the introduction of evidence at the 3020-a hearing is denied as premature.
Petitioner’s petition for an order to dismiss the charges filed against him pursuant to Education Law § 3020-a is denied as premature.
Petitioner’s petition for an order awarding him costs and attorney’s fees is denied without prejudice.
The petition is dismissed without prejudice as premature.