## SLG 810 Seventh Lessee LLC v Tydel Holding Corp.

2024 NY Slip Op 33238(U)

September 16, 2024

Supreme Court, New York County

Docket Number: Index No. 652113/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

SLG 810 SEVENTH LESSEE LLC

Petitioner,

- v -

TYDEL HOLDING CORP.,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652113/2024 |
| **MOTION DATE** | 05/08/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to      CONFIRM ARBITRATION AWARD     .

Petitioner SLG 810 Seventh Lessee LLC ("Petitioner" or "SLG") moves for an Order pursuant to CPLR 7510 confirming the final arbitration award rendered in *SLG 810 Seventh Avenue Lessee LLC v Tydel Holding Corp.*, Arbitration No. 1425034042 on April 19, 2023, and directing judgment be entered thereon pursuant to CPLR 7514 in the amount of $13,474,855.54 plus interest at the statutory rate of nine percent per annum. Respondent Tydel Holding Corp. ("Tydel" or "Respondent") opposes the Petition on two grounds: (1) the arbitration panel exceeded its power in allowing, hearing and adjudicating the Petitioner's amended claims, and (2) since the Final Award did not award a specific amount to SLG, the Court may not award a dollar figure to SLG upon confirmation. For the following reasons, Petitioner's motion is granted in part.

**652113/2024   SLG 810 SEVENTH LESSEE LLC vs. TYDEL HOLDING CORP.**
**Motion No.  001**

**Page 1 of 8**

1 of 8

[* 1]

According to Petitioner, the underlying arbitration concerned breach of a sublease by Respondent, as sublessee, for failing to pay to Petitioner, as sublessor, rent and real estate taxes when due in accordance with a long-term triple-net sublease (the "Sublease") for a three-story building located at 800 Seventh Avenue, New York, New York 10019 (the "Premises") (NYSCEF 1 ["Petition"] ¶5). Petitioner commenced two parallel arbitrations, one against Respondent (the "Tydel Arbitration") and the other against Respondent's predecessor, 800 Estates Corp. (the "800 Owner Arbitration"), to adjudicate Respondent's demand for a rent adjustment under the terms of both the prime lease and the Sublease's force majeure clauses (*id.* ¶18). The Sublease contains a broad arbitration clause which provides, in relevant part, that "[a]ny dispute controversy or disagreement arising out of this lease between the parties or their successors in interest . . . shall be submitted to arbitration" (NYSCEF 4 ["Sublease"] ¶28).

On or about October 20, 2021, the 800 Owner Arbitration was resolved by motion for summary disposition. The panel determined that the force majeure clause in the Prime Lease did not apply to the restrictions imposed during the COVID-19 pandemic (*id.* ¶28).

On April 25, 2022, Petitioner filed an amended statement of claim in the Tydel Arbitration to reflect the determinations made by the panel in the 800 Owner Arbitration (*id.* ¶29). In the Amended Statement of Claim, Petitioner sought a determination that Respondent was not entitled to any adjustment of rent under the Sublease due to the COVID-19 pandemic restrictions (*id.* ¶30). On May 16, 2022, Respondent filed its Answer, Affirmative Defenses, and Counterclaims (*id.* ¶31).

On August 26, 30 and 31, 2022, the Panel held an evidentiary hearing in the Tydel Arbitration during which Petitioner and Respondent presented testimony and evidence (*id.* ¶34). On March 3, 2023, the Panel issued a partial final award (the "Partial Final Award") (NYSCEF

**652113/2024  SLG 810 SEVENTH LESSEE LLC vs. TYDEL HOLDING CORP.**  **Page 2 of 8**
  **Motion No.  001**

[* 2]                                    2 of 8

6).   On April 19, 2023, the Panel issued the Final Award (NYSCEF 3).  In the Final Award, making the following determinations:

1. The Panel finds for [Petitioner] on its breach of contract claim by reason of [Respondent's] failure to make the full rent and real property tax payments required by the Sublease since at least February 11, 2020.

2. [Respondent] is required to pay the full rent required by the Sublease as of February 1, 2023 and was required to make the February 1, 2023 payment by March 27, 2023. [Respondent's] decision not to make such payment by March 27 is in contravention of the Partial Final Award.

3. As of the payment due February 1, 2023, [Respondent] must pay the real estate taxes on the Property as they come due.

4. [Respondent] is required to make quarterly catch-up payments to [Petitioner] in the amount of $175,000, beginning May 1, 2023, to be credited against its arrearages under the Sublease.

5. The Panel declines to award [Petitioner] any attorneys' fees or costs.

6. [Petitioner] is entitled to payment of interest on [Respondent's] rent and real estate tax arrearages at the statutory interest rate of nine percent per annum

7. [Petitioner's] motion to amend the [Amended Statement of Claim] to conform to the proof is denied.

8. Any other relief sought by either of the parties is denied on our consideration of the record in this proceeding.

(NYSCEF 3).

According to Petitioner, Respondent did not make any payments of rent or real estate taxes as required by the Final Award (Petition ¶42). On May 12, 2023, Petitioner served a Notice to Terminate Lease for failing to make full rent and real property tax payments required by the Sublease, as directed by the Panel in the Final Award (*id.* ¶43).

**652113/2024   SLG 810 SEVENTH LESSEE LLC vs. TYDEL HOLDING CORP.**
**Motion No.  001**

**Page 3 of 8**

3 of 8

[* 3]

Petitioner submits that as of April 22, 2024, the total arrears due from Respondent to Petitioner is $13,474,855.54 (*id.* ¶44), consisting of $13,380,000 in base rent and $2,227,620.01 in real estate taxes, less partial rent payments made by Respondent in the amount of $2,132,764.47 between July 27, 2021 and April 10, 2023 (*id.* ¶45). On July 13, 2023, Respondent surrendered the Premises to Petitioner (*id.* ¶46).

## DISCUSSION

CPLR 7510 states that the court "shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511" (*Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.,* 66 AD3d 1, 3 [1st Dept 2009]). "It is well settled that a court may vacate an arbitration award only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*In re Falzone (New York Cent. Mut. Fire Ins. Co.)*, 15 NY3d 530, 534 [2010] [citations omitted]). "[A]n arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Falzone*, 15 NY3d at 534). "A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high" (*U.S. Elecs., Inc. v Sirius Satellite Radio, Inc.*, 17 NY3d 912, 915 [2011] [citation omitted]).

Respondent has not satisfied its burden of demonstrating that the arbitration panel exceeded its power in allowing, hearing and adjudicating the Petitioner's amended claims. Respondent argues that the amended claims were not the claims the panel was specifically appointed to determine in the arbitration, which were limited to the Demand for Arbitration, *i.e.* the original Statement of Claims. However, "any limitation upon the power of the arbitrator must be set forth as part of the *arbitration clause itself*" (*Silverman v Benmor Coats, Inc.,* 61

**652113/2024 SLG 810 SEVENTH LESSEE LLC vs. TYDEL HOLDING CORP.**
**Motion No. 001**

**Page 4 of 8**

4 of 8

NY2d 299, 307 [1984] [emphasis added]; *Bartle v Bartle*, 175 AD3d 1216, 1217 [1st Dept 2019] ["[I]t is the language of the arbitration clause that governs the scope of the arbitrator's authority"]). "If no such limitation exists, a broadly and generally phrased arbitration clause will be afforded the full import of its wording (*Lieberman v Lieberman*, 149 Misc 2d 983, 988 [Sup Ct, King's County 1991]).[1]

Here, as noted, the Sublease contains a broad mandatory arbitration clause, providing that "[a]ny dispute, controversy or disagreement arising out of this lease between the parties or their successors in interest . . . shall be submitted to arbitration." (Sublease ¶28). There are no limitations or restrictions on the scope of the arbitrator's authority included in the Sublease's arbitration provision. While it is true that "an arbitrator exceeds his or her authority by reaching issues not raised by the parties" (*Denson v Donald J. Trump For President, Inc.*, 180 AD3d 446, 451 [1st Dept 2020]), an arbitrator does not exceed his or her power in permitting a party to amend its claim to raise a new dispute between the parties, which were also arbitrable under the agreement (*Matter of Faberge, Inc. (Felsway Corp.)*, 149 AD2d 369, 370 [1st Dept 1989]; *Lehman v Sage Metal Trading Corp.*, 121 AD2d 889, 890 [1st Dept 1986] [same]; *Langston Enterprises, Inc. v Diamond Rug & Carpet Mills, Inc.*, 95 AD2d 740, 741 [1st Dept 1983] [same]). Here, Respondent does not dispute that the Amended Claims for rent were within the

---

[1] While Respondent may be correct that it could not seek review of the Panel's decision to allow amendment until entry of a final award (*Mobil Oil Indonesia Inc. v Asamera Oil (Indonesia) Ltd.*, 43 NY2d 276, 281 [1977], "[g]enerally the contention that a claim proposed to be submitted to arbitration is in excess of the arbitrator's power is waived unless raised by an application for a stay" (*Silverman*, 61 NY2d at 309; *see also Application on 64 Fulton St. Dev.*, 240 AD2d 226, 226 [1st Dept 1997] ["petitioners' participation in the already ongoing arbitrable accounting [did not] estop them from seeking to stay arbitration of the newly added fraud claims"]; *SCM Corp. v Fisher Park Lane Co.*, 40 NY2d 788, 792 [1976] ["there is no basis for barring a party who has sought arbitration from thereafter seeking judicial determination as to arbitrability of matter set forth in an answer which would expand the scope of the arbitration"]).

**652113/2024  SLG 810 SEVENTH LESSEE LLC vs. TYDEL HOLDING CORP.**                    **Page 5 of 8**
**Motion No.  001**

5 of 8

scope of the Sublease's arbitration provision. Rather, Respondent argues that the Panel's decision to allow Petitioner to assert the Amended Claims deprived Tydel of its contractual right to select its own arbitrator (Sublease ¶28) and agree to the third arbitrator to adjudicate that new particular dispute. This argument is unavailing. While there are provisions for the selection of an arbitrator in the Sublease, there is nothing in those provisions that grants Tydel the right to select a new arbitrator for *each* discrete dispute subject to arbitration.

This is not a situation in which the Panel decided matters not raised by the parties. Nor were Respondents precluded from presenting their position (*Matter of Faberge*, 149 AD2d at 370). The record reflects that SLG's motion for leave to supplement is Statement of Claim was contested, briefed, and argued (NYSCEF 24-27). The Panel rejected Tydel's opposition and granted SLG leave to supplement its Statement of Claim (NYSCEF 27). In sum, Tydel chose to agree to a broad arbitration clause in the Sublease with no limitations. The Panel did not exceed its authority by allowing Petitioner to amend its claims.

Finally, Respondent argues that the Final Award did not award a specific amount to SLG, and thus SLG's Petition requesting the Court to calculate the amount to be awarded to it is not appropriate. As provided in the decretal paragraph of the Final Award, the Panel determined that Tydel breached the Sublease by failing to make full rent and real property tax payments since February 11, 2020. However, contrary to Petitioner's argument that "the Panel awarded SLG the full rent and real property taxes due under the Sublease plus interest at the statutory rate of nine percent per annum, for the entire duration of the term of the Sublease," the Final Award does include such relief.

Rather, it states that "Tydel is required to pay the full rent required by the Sublease *as of February 1, 2023*" (emphasis added); "[a]s of the payment due February 1, 2023, Tydel must

**652113/2024   SLG 810 SEVENTH LESSEE LLC vs. TYDEL HOLDING CORP.**                **Page 6 of 8**
**Motion No.  001**

6 of 8

pay the real estate taxes on the Property as they come due;" "Tydel is required to make quarterly catch-up payments to SLG in the amount of $175,000, beginning May 1, 2023, to be credited against its arrearages under the Sublease;" and "SLG is entitled to payment of interest on Tydel's rent and real estate tax arrearages at the statutory rate of nine percent per annum." At no point does the Final Award state that rent and taxes for the entire duration of the term of the Sublease is owed, nor does it specify to when interest shall run. Further, since (according to the Petition) Tydel has since surrendered the premises, it is unclear if the award of real estate payments "as they come due" still applies.

Thus, the Award does not provide a "clear and specific" formula for calculating the amounts owed (*see Morgan Guar. Tr. Co. of New York v Solow*, 114 AD2d 818, 822 [1st Dept 1985], *affd,* 68 NY2d 779 [1986] ["Where '[the] formulae for the computations are so clear and specific that the determination of the amounts owing *** is merely an accounting calculation', the award is final and definite and is required to be confirmed"] [citation omitted]). In these circumstances, the Court can only confirm the award as it was written and without further calculations (*see TCR Sports Broadcasting Holding, LLP v WN Partner, LLC*, 40 NY3d 71, 87 [2023] [overturning the issuance of a money judgment and the imposition of prejudgment interest based on an arbitral award that determined the "fair market value" of certain telecast rights fees but did not issue a monetary award]). To the extent there are disputes not resolved by the Final Award, the parties must resolve them according to the dispute resolution terms of the Sublease (*id.*).

Accordingly, it is

652113/2024   SLG 810 SEVENTH LESSEE LLC vs. TYDEL HOLDING CORP.
Motion No.  001

Page 7 of 8

7 of 8

**ORDERED** that Petitioner's Motion to Confirm the Arbitration Award is **GRANTED IN PART**, and the Clerk is directed to enter judgment in favor of SLG and against Tydel upon submission of a proposed judgment in appropriate form.

This constitutes the Decision and Order of the Court.

20240916141031JMCOHEN278A3FF75C614419BEC12F100CAB5ECA

| 9/16/2024 | | JOEL M. COHEN, J.S.C. |
|---|---|---|
| **DATE** | | |

CHECK ONE:   [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

[ ] GRANTED    [ ] DENIED    [X] GRANTED IN PART    [ ] OTHER

APPLICATION:   [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:   [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

[* 8]