■ In the Matter of Susan Tasch, Appellant, v Board of Education of the City of New York, Respondent. [770 NYS2d 430]—

In a proceeding pursuant to CPLR article 75 and Education Law § 3020-a to vacate a determination of an arbitrator dated May 21, 2002, which suspended the petitioner from her duties with the Board of Education of the City of New York for a period of six months without pay, the petitioner appeals from an order of the Supreme Court, Kings County (M. Garson, J.), entered October 23, 2002, which denied the petition and granted the application to dismiss the proceeding.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contention, the arbitrator did not exceed his power in concluding that the specifications sufficiently charged behavior which, if proven, would constitute one or more crimes and, therefore, pursuant to Education Law § 3020-a (1), the specifications were not barred by the three-year statute of limitations. It was neither arbitrary nor capricious for the arbitrator to determine that certain language in the specifications satisfied the element of benefit, required in order to sufficiently charge official misconduct (see Penal Law 195.00 [1]; cf. Matter of Aronsky v Board of Educ., Community

*School Dist. No. 22 of City of N.Y.,* 75 NY2d 997, 1000 [1990]). This determination alone was sufficient to take the charge out of the three-year statute of limitations. Therefore it is unnecessary to reach the petitioner's other arguments relating to the crime of conspiracy in the sixth degree (*see* Penal Law § 105.00).

In view of the degree of deference accorded the arbitrator in matters of credibility, the Supreme Court properly accepted the arbitrator's credibility determinations, even though the evidence was conflicting and room for choice existed (*see Matter of Collins v Codd,* 38 NY2d 269, 270-271 [1976]; *see also Matter of Berenhaus v Ward,* 70 NY2d 436, 443 [1987]; *Matter of Stork Rest. v Boland,* 282 NY 256, 267 [1940]).

The petitioner's remaining contentions are without merit. Ritter, J.P., Krausman, Schmidt and Crane, JJ., concur.