■ In the Matter of MICHAEL SAUNDERS, Appellant, v ROCKLAND BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. [879 NYS2d 568]—

In a proceeding pursuant to CPLR article 75 and Education Law § 3020-a to vacate a determination of an arbitration panel, the petitioner appeals from so much of a corrected judgment of the Supreme Court, Rockland County (Weiner, J.), entered January 22, 2008, as denied that branch of his petition which was to

vacate so much of the determination as terminated him from his teaching position.

Ordered that the corrected judgment is affirmed insofar as appealed from, with costs.

Where, as here, the requirement to arbitrate arises through a statutory mandate (*see* Education Law § 3020-a [5]), the arbitrators' determination is subject to "closer judicial scrutiny" under CPLR 7511 (b) than it would receive had the arbitration been conducted voluntarily (*see Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund,* 47 AD3d 633, 634 [2008]). An award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223 [1996]). "In addition, [CPLR] article 75 review questions whether the decision was rational or had a plausible basis" (*Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207, 211 [1981]). When reviewing compulsory arbitrations in education proceedings such as this, the court should accept the arbitrators' credibility determinations, even where there is conflicting evidence and room for choice exists (*see Matter of Tasch v Board of Educ. of City of N.Y.,* 3 AD3d 502, 503 [2004]).

Here, the appellant argues that the arbitration panel failed to properly consider evidence of his employer's lack of effort toward remediating his performance (*see generally* Education Law § 3020-a [4]; *Matter of Carroll [Pirkle],* 296 AD2d 755, 759 [2002]). However, because the appellant has failed to include the transcript of the hearing on which the panel's determination was based, meaningful appellate review is not possible, and we do not reach this contention (*see* CPLR 5526; *Matter of Coopersmith,* 48 AD3d 562, 562-563 [2008]; *Levi v Levi,* 46 AD3d 519, 520 [2007]).

In view of the fact that the appellant was found guilty of, inter alia, allowing a student to be strapped into a restraining chair without cause, and striking a student in the jaw and chest, we cannot conclude that the penalty of termination from his teaching position was so disproportionate to the offenses as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Kreisler v New York City Tr. Auth.,* 2 NY3d 775, 776 [2004]; *cf. Matter of Solis v Department of Educ. of City of N.Y.,* 30 AD3d 532 [2006]). Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.