■ In the Matter of DARNEL POWELL, Appellant, v BOARD OF EDUCATION OF WESTBURY UNION FREE SCHOOL DISTRICT, Respondent. [938 NYS2d 123]—

Where, as here, the obligation to arbitrate arises through a statutory mandate (*see* Education Law § 3020-a), the determination of the arbitrator is subject to "closer judicial scrutiny" under CPLR 7511 (b) than it would otherwise receive (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.,* 62 AD3d 1012, 1013 [2009] [internal quotation marks omitted]; *see Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund,* 47 AD3d 633, 634 [2008]). "An award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.,* 62 AD3d at 1013; *see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223 [1996]). "In addition, article 75 review questions whether the decision was rational or had a plausible basis" (*Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207, 211 [1981]). "When reviewing compulsory arbitrations in education proceedings such as this, the court should accept the arbitrators' credibility determinations, even where there is conflicting evidence and room for choice exists" (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.,* 62 AD3d at 1013; *see Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444 [1987]; *Matter of Tasch v Board of Educ. of City of N.Y.,* 3 AD3d 502, 503 [2004]).

Here, the petitioner argues, in essence, that the arbitrator's

determination was arbitrary and capricious because the arbitrator did not resolve issues of credibility in his favor. However, where, as here, "the evidence is conflicting and room for choice exists," this Court "may not weigh the evidence or reject the choice made" by the arbitrator (*Matter of Berenhaus v Ward*, 70 NY2d at 443-444 [internal quotation marks omitted]; *see Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013; *Matter of Tasch v Board of Educ. of City of N.Y.*, 3 AD3d at 503).

Moreover, contrary to the petitioner's contention, the arbitrator properly refused to admit into evidence his proffered polygraph test evidence (*see Matter of Harris v Novello*, 276 AD2d 848, 850 [2000]; *Matter of Lessoff*, 231 AD2d 229, 230 [1997]).

Finally, the petitioner's contention that the respondent failed to comply with the mandates of Education Law § 3020-a (2) (a) by failing to differentiate between the penalty it sought in the event he requested a hearing on the charges preferred against him, and the penalty it sought in the event he did not request a hearing, was waived by his failure to raise it before the arbitrator (*see* CPLR 7511 [b] [1] [iv]; *Matter of Sims v Siegelson*, 246 AD2d 374, 377 [1998]; *Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1991]).

Accordingly, the Supreme Court properly, in effect, denied the petition and confirmed the determination. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.