■ In the Matter of RYAN MALONE, Appellant, v BOARD OF EDUCATION OF EAST MEADOW UNION FREE SCHOOL DISTRICT, Respondent. [941 NYS2d 213]—

In a proceeding pursuant to CPLR article 75 to vacate a determination of a hearing officer made pursuant to Education Law § 3020-a, dated March 24, 2010, which, after a hearing, sustained charges of misconduct against the petitioner, the petitioner appeals from an order of the Supreme Court, Nassau County (McCarty III, J.), entered December 6, 2010, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

On the morning of October 19, 2006, the petitioner, a tenured teacher, was stopping cars exiting the driveway of East Meadow High School in order to distribute leaflets relating to ongoing contract negotiations between the teachers' union and the East Meadow Union Free School District. He continued to distribute the leaflets after the school principal directed him to cease that activity. The petitioner was charged with misconduct for causing a hazardous condition, and insubordination for failing to obey the principal's directive. The charges proceeded to arbitration, resulting in a determination, after a hearing, finding him culpable of both charges.

Where the requirement to arbitrate arises through statute (*see* Education Law § 3020-a [5]), the arbitrator's determination is subject to "closer judicial scrutiny" under CPLR 7511 (b) than it would receive had the arbitration been conducted voluntarily (*Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund*, 47 AD3d 633, 634 [2008]). In a proceeding pursuant to CPLR article 75 to review an award in a compulsory arbitration proceeding, a court determines only whether the award had evidentiary support and whether the award was arbitrary and capricious (*see Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211 [1981]; *Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d 1012, 1013 [2009]).

Here, the determination of the hearing officer was based on the evidence proffered at the hearing, including the petitioner's testimony that he approached vehicles as they exited the

driveway of the high school, which required him to cross in front of moving vehicles, which established the charge of misconduct by adequate evidence. The testimony of both the petitioner and the school principal that the petitioner continued to distribute leaflets after being directed to cease this activity established the charge of insubordination by adequate evidence, and the findings with respect to both charges were not arbitrary and capricious (*see Matter of Trupiano v Board of Educ. of E. Meadow Union Free School Dist.*, 89 AD3d 1030 [2011]; *Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013; *Matter of Hegarty v Board of Educ. of City of N.Y.*, 5 AD3d 771, 772 [2004]).

The petitioner's remaining contentions are without merit. Dickerson, J.P., Chambers, Lott and Miller, JJ., concur.