In a proceeding pursuant to CPLR article 75 and Education Law § 3020-a to vacate an arbitration award dated July 11, 2011, which granted Michael E Hogan’s motion to dismiss the first charge in a statement of charges preferred against him by the Board of Education of the Hauppauge Union Free School District, Michael E Hogan appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J), dated January 19, 2012, which granted the petition and reinstated charge one in the statement of charges.
Ordered that the order is affirmed, with costs.
In May 2006, Michael E Hogan submitted an application to the Hauppauge Union Free School District (hereinafter the District) seeking employment as a physical education teacher. In his application, which he certified to be true and complete, Hogan failed to disclose that he had previously held a probationary teaching position with another school district. The District claims that Hogan resigned from this previous position after allegations were made that he used corporal punishment and he was told that he would not receive tenure. In December 2010, *818 the District preferred three disciplinary charges against Hogan pursuant to Education Law § 3020-a. Charge one alleged that Hogan was guilty of misconduct because he had presented an employment application to the District which was false because he knowingly omitted the fact that he had been a probationary teacher at another school district, and that Hogan presented the employment application with the knowledge or belief that it would be filed with the District. Charge one further alleged that this conduct was in violation of Penal Law § 175.30, which defines the crime of offering a false instrument for filing in the second degree.
Hogan subsequently moved to dismiss charge one, contending that it was time-barred by Education Law § 3020-a, which provides that no disciplinary charge may be brought more than three years after the occurrence of the alleged incompetency or misconduct, “except when the charge is of misconduct constituting a crime when committed” (Education Law § 3020-a [1]). The hearing officer designated as arbitrator granted Hogan’s motion, concluding that the District had failed to plead sufficient facts to establish that Hogan committed a violation of Penal Law § 175.30 by knowingly omitting his prior position as a probationary teacher from his employment application, and that the District could therefore not invoke the exception to the three-year limitations period that applies when the charged misconduct constitutes a crime. The District thereafter commenced this proceeding pursuant to CPLR article 75 and Education Law § 3020-a seeking to vacate the award dismissing charge one on the ground that it was arbitrary and capricious, and lacked a rational basis. The Supreme Court granted the District’s petition and reinstated charge one.
Initially, we reject Hogan’s contention that the petition should have been dismissed because courts do not have the authority to review an interlocutory award dismissing one of the charges in an arbitration proceeding brought pursuant to Education Law 3020-a. As a general rule, a court lacks authority to entertain a petition to review an interlocutory ruling of an arbitrator on a procedural matter (see Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276, 281 [1977]; CSP Tech., Inc. v Hekal, 57 AD 3d 372 [2008]). Here, however, the award sought to be reviewed is not one which involves “only a very limited procedural question” (Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d at 281). Rather, the award dismissed the most serious disciplinary charge preferred against Hogan, and the only one of the three charges which alleged that he was guilty of misconduct. The award is final as to that charge, and, *819 if allowed to stand, would prevent the District from adducing evidence in support of the alleged misconduct at the hearing. Under these circumstances, the award dismissing charge one can be viewed as a final determination subject to review under CPLR 7511 (but see Matter of Geneva City School Dist. v Anonymous, 77 AD3d 1365 [2010]).
Furthermore, the Supreme Court properly granted the District’s petition and reinstated charge one against Hogan. Where, as here, the obligation to arbitrate arises through statutory mandate (see Education Law § 3020-a), the arbitrator’s determination is subject to closer judicial scrutiny than it would receive had the arbitration been conducted voluntarily (see Matter of Powell v Board of Educ. of Westbury Union Free School Dist., 91 AD3d 955 [2012]; Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d 1012, 1013 [2009]). The award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious (see City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919 [2011]; Matter of Denhoff v Mamaroneck Union Free Sch. Dist., 101 AD3d 997, 998 [2012]; Matter of Powell v Board of Educ. of Westbury Union Free School Dist., 91 AD3d at 955).
Applying that standard here, the determination that charge one failed to plead sufficient facts to establish that Hogan committed a violation of Penal Law § 175.30 was arbitrary and capricious. Charge one sufficiently charged conduct which, if proven, would constitute the crime of offering a false instrument for filing in the second degree by alleging that Hogan presented an employment application to the District which was false because he knowingly omitted the fact that he had been a probationary teacher at another school district, and that Hogan presented the employment application with the knowledge or belief that it would be filed with the District (see Penal Law § 175.30; Matter of Wilson v Town of Minerva Town Bd., 65 AD3d 788, 789 [2009]; Matter of Dean v Bradford, 158 AD2d 772, 775 [1990]). Since charge one was sufficient to plead conduct constituting a crime, it was not barred on its face by the three-year limitations period (see Matter of Wilson v Town of Minerva Town Bd., 65 AD3d at 789; Matter of Tasch v Board of Educ. of City of N.Y., 3 AD3d 502, 503 [2004]). Eng, PJ., Balkin, Roman and Miller, JJ., concur.