■ In the Matter of JANICE RAZZANO, Appellant, v REMSENBURG-SPEONK UNION FREE SCHOOL DISTRICT, Respondent. [41 NYS3d 72]—

In a proceeding pursuant to CPLR article 75 to vacate a determination of an arbitrator made pursuant to Education Law § 3020-a, dated May 31, 2013, which, after a hearing, sustained charges of misconduct against the petitioner and terminated the petitioner's employment, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Martin, J.), dated March 14, 2014, which denied the petition and confirmed the determination.

Ordered that the judgment is affirmed, with costs.

Where, as here, the obligation to arbitrate arises through a statutory mandate (*see* Education Law § 3020-a), the determination of the arbitrator is subject to "closer judicial scrutiny" under CPLR 7511 (b) than it would otherwise receive (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d 1012, 1013 [2009] [internal quotation marks omitted]; *see Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund*, 47 AD3d 633, 634 [2008]). "An award in a compulsory arbitration

proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013; *see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]). "In addition, article 75 review questions whether the decision was rational or had a plausible basis" (*Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211 [1981]). When reviewing compulsory arbitrations in education proceedings such as this, the court should accept the arbitrators' credibility determinations, even where there is conflicting evidence and room for choice exists (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *Matter of Powell v Board of Educ. of Westbury Union Free School Dist.*, 91 AD3d 955 [2012]; *Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013; *Matter of Tasch v Board of Educ. of City of N.Y.*, 3 AD3d 502, 503 [2004]).

Contrary to the petitioner's contention, even under the closer scrutiny with which we must view the arbitrator's determination in a compulsory arbitration, the arbitrator's determination has ample evidentiary support in the record and is rationally based. Furthermore, the record demonstrates that the arbitrator properly rejected the petitioner's defense that the disciplinary proceedings were retaliatory in nature (*see* Civil Service Law § 75-b [2] [a] [i]; [3] [a]). Where, as here, there is evidence of specific incidents of inappropriate, unprofessional, or insubordinate conduct which are found to demonstrate a separate and independent basis for the action taken, a defense under Civil Service Law § 75-b cannot be sustained (*see Matter of Peterson v Katonah-Lewisboro UFSD*, 134 AD3d 1125, 1126 [2015]; *Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566 [1997]). Moreover, the penalty imposed was not so disproportionate to the misconduct as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]). Leventhal, J.P., Hall, Austin and Barros, JJ., concur.