■ In the Matter of DOUGLAS S. WHITE, Appellant, v ROOSEVELT UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, Respondent. [48 NYS3d 220]—

In a proceeding pursuant to CPLR article 75 to vacate a determination of an arbitrator made pursuant to Education Law § 3020-a, dated June 10, 2013, which, after a hearing, sustained certain charges of misconduct against the petitioner and suspended him without pay, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), entered February 27, 2014, which denied the petition and, in effect, confirmed the determination.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof denying the petition and, in effect, confirming the determination with respect to specifications one and four of the charge of conduct unbecoming a teacher, specification one of the charge of insubordination, and so much

of specification five of the charge of conduct unbecoming a teacher and specification two of the charge of insubordination as alleged that, in contravention of a directive not to do so, the petitioner discussed allegations against him with the student who made the allegations, and substituting therefor a provision granting the petition to the extent of vacating those portions of the determination and the penalty of suspension without pay, and dismissing those specifications; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the arbitrator for a new determination on the issue of the penalty to be imposed.

The petitioner, a tenured teacher in the Roosevelt Union Free School District, was charged with misconduct for, inter alia, allegedly inappropriately putting his hands on a student, inappropriately attempting to grab candy away from the student, and ignoring a directive from the school principal by discussing the allegations against him with the student, and directing the student to sign a prepared statement recanting the allegations. The charges proceeded to arbitration, resulting in a determination, after a hearing, finding him culpable of the above-described misconduct and imposing a penalty of suspension without pay. The petitioner thereafter commenced this proceeding pursuant to CPLR article 75 to vacate the determination.

"Where, as here, the obligation to arbitrate arises through a statutory mandate (*see* Education Law § 3020-a), the determination of the arbitrator is subject to 'closer judicial scrutiny' under CPLR 7511 (b) than it would otherwise receive" (*Matter of Powell v Board of Educ. of Westbury Union Free School Dist.*, 91 AD3d 955, 955 [2012], quoting *Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d 1012, 1013 [2009]). "An award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013; *see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *Matter of Powell v Board of Educ. of Westbury Union Free School Dist.*, 91 AD3d at 955).

Here, there was a rational basis and evidentiary support for the finding that the petitioner committed conduct unbecoming a teacher by inappropriately attempting to grab candy away from a student in his class, as alleged in specification three of charge one. Although there was conflicting testimony at the hearing as to whether the petitioner attempted to physically grab candy from the student who had refused to put it away as

directed, or whether he merely put his hand out for the student to give him the candy, in reviewing the instant determination, this Court must "accept the [arbitrator's] credibility determinations, even where there is conflicting evidence and room for choice exists" (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013; *see Matter of Razzano v Remsenburg-Speonk Union Free Sch. Dist.*, 144 AD3d 810 [2016]).

Similarly, there is a rational basis and evidentiary support for the arbitrator's finding that the petitioner committed conduct unbecoming a teacher and was insubordinate by directing the subject student to sign a prepared statement recanting the allegations. Indeed, the petitioner admitted having directed the student to sign the letter, and the testimony, especially, that the petitioner asked a security officer to witness the student's signature, belies the petitioner's benign characterization of his intentions with respect to the letter.

However, the evidence did not support the arbitrator's finding that the petitioner committed conduct unbecoming a teacher and was insubordinate by otherwise discussing with the subject student the allegations made against him by that student. Other than directing the student to sign the letter, there was no testimony of any such discussions. Moreover, although the testimony at the hearing established that the petitioner was directed not to have contact with the student pending investigation of the incident involving the candy, the student was not immediately removed from the petitioner's class roster, despite the petitioner's request that this be done.

In addition, the evidence did not support the arbitrator's finding that the petitioner "inappropriately put his hands" on the subject student. Although the arbitrator found that the petitioner "did put his hands on a student as a result of his attempting to take candy from the student in his class," the testimony did not reflect that, in his attempt to physically grab the candy from the student, the petitioner put his hands on the student's person.

Accordingly, we must vacate the determination with respect to specifications one and four of the charge of conduct unbecoming a teacher, specification one of the charge of insubordination, and so much of specification five of the charge of conduct unbecoming a teacher and specification two of the charge of insubordination as alleged that, in contravention of a directive not to do so, the petitioner discussed allegations against him with the student who made the allegations. Since we are vacating those portions of the determination, the penalty imposed

must also be vacated, and the matter remitted to the arbitrator for reconsideration of the penalty imposed (*see* CPLR 7511 [d]; *Matter of Board of Educ. of E. Hampton Union Free School Dist. v Yusko*, 269 AD2d 445, 446 [2000]).

In light of our determination, we need not reach the petitioner's remaining contention. Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.