The appellant's remaining contentions are without merit. Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.

■ In the Matter of Ava Mazzella, Appellant, v Bedford Central School District, Respondent. [62 NYS3d 449]—

In a proceeding pursuant to CPLR article 75 to vacate a determination of a hearing officer made pursuant to Education Law § 3020-a dated December 23, 2014, which, after a hearing, sustained a charge of incompetence against the petitioner and directed that the petitioner's employment be terminated, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Connolly, J.), dated July 21, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, a tenured teacher employed with the respondent school district, was charged with incompetence, and her employment was terminated after a hearing pursuant to Education Law § 3020-a. The hearing officer sustained five of the seven specifications supporting the charge, including the specifications alleging that the petitioner received annual professional performance review (hereinafter APPR) ratings of "ineffective" for two consecutive years, and directed the school

district to terminate the petitioner's employment. The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the hearing officer's determination. The Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals.

In a CPLR article 75 proceeding, the grounds for vacating a hearing officer's decision rendered pursuant to Education Law § 3020-a "include, inter alia, misconduct, abuse of power, and procedural irregularities" (*Matter of Denhoff v Mamaroneck Union Free Sch. Dist.*, 101 AD3d 997, 998 [2012], citing CPLR 7511 [b] [1]; *see Matter of Hegarty v Board of Educ. of City of N.Y.*, 5 AD3d 771, 772 [2004]). Where, as here, the parties are subject to compulsory arbitration, the decision "is subject to closer judicial scrutiny under CPLR 7511 (b) than it would receive had the arbitration been conducted voluntarily" (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d 1012, 1013 [2009] [internal quotation marks omitted]; *see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]). To be upheld, a decision in a compulsory arbitration proceeding " 'must have evidentiary support and cannot be arbitrary and capricious' " (*City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919 [2011], quoting *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d at 223; *see Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013). The decision also "must be in accord with due process" (*Matter of Denhoff v Mamaroneck Union Free Sch. Dist.*, 101 AD3d at 998). When reviewing compulsory arbitrations in education proceedings, "the court should accept the arbitrators' credibility determinations, even where there is conflicting evidence and room for choice exists" (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013).

Here, the hearing officer's decision was rational, supported by adequate evidence, and not arbitrary and capricious. At the time of the petitioner's hearing in 2014, the Education Law provided that "two consecutive annual ineffective ratings" constituted "a pattern of ineffective teaching or performance" (Education Law § 3012-c [6]), and "a pattern of ineffective teaching or performance" constituted "very significant evidence of incompetence for purposes of this section" (Education Law § 3020-a [3] [c] [i-a] former [B]). It was rational for the hearing officer to rely on the "ineffective" APPR ratings that the petitioner received for the 2012-2013 and 2013-2014 school years, as well as all the other evidence presented at the hearing, in sustaining the charge of incompetence (*see Matter of*

*Powell v Board of Educ. of Westbury Union Free School Dist.*, 91 AD3d 955, 955-956 [2012]).

"Unless an irrationality appears or the punishment shocks one's conscience, sanctions imposed by an administrative agency should be upheld" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 240 [1974]). Here, the penalty of termination of the petitioner's employment was not irrational or shocking to one's sense of fairness (*see Krinsky v New York City Dept. of Educ.*, 28 AD3d 353 [2006]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.