Matter of Johnson v Riverhead Cent. Sch. Dist. (2018 NY Slip Op 08021)





Matter of Johnson v Riverhead Cent. Sch. Dist.


2018 NY Slip Op 08021


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2015-08616
 (Index No. 17022/14)

[*1]In the Matter of Joe Nell Johnson II, appellant,
v
Riverhead Central School District, respondent.


Harriet Gilliam, Riverhead, NY, for appellant.
Ingerman Smith, LLP, Hauppauge, NY (Christopher F. Venator of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a determination of a hearing officer made pursuant to Education Law § 3020-a, dated August 15, 2014, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated May 5, 2015. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, a tenured teacher employed by the respondent, Riverhead Central School District (hereinafter the school district), was charged with misconduct, and his employment was terminated after a hearing pursuant to Education Law § 3020-a. The hearing officer found that the defendant was guilty of charges alleging that on April 21, 2012, he operated a motor vehicle while intoxicated at the same time that he was in possession of a loaded handgun for which he did not have a license, and that such conduct was "incompatible with the standards required to be seen as a positive role model for the students." The hearing officer directed the school district to terminate the petitioner's employment. The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the hearing officer's determination. The Supreme Court, in effect, denied the petition and dismissed the proceeding, and the petitioner appeals.
Initially, the petitioner's argument that the preponderance of the evidence standard should apply is without merit. In reviewing a disciplinary hearing, the preponderance of the evidence standard generally applies only when the penalty of dismissal is accompanied by some added stigma (see Matter of Miller v DeBuono, 90 NY2d 783, 791-794). No such added stigma is presented by the circumstances of this case (see Matter of Malloch v Ballston Spa Cent. School Dist., 249 AD2d 797, 799-800).
Where, as here, the obligation to arbitrate arises through a statutory mandate, the hearing officer's determination is subject to closer judicial scrutiny under CPLR 7511(b) than it would otherwise receive (see Matter of Razzano v Remsenburg-Speonk Union Free Sch. Dist., 144 AD3d 810, 810; Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d 1012, 1013; Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund, 47 AD3d 633, 634). "An award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and [*2]capricious" (Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d at 1013; see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223). "In addition, article 75 review questions whether the decision was rational or had a plausible basis" (Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211). When reviewing compulsory arbitrations in education proceedings such as this, the court should accept the hearing officer's credibility determinations, even where there is conflicting evidence and room for choice exists (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444; Matter of Powell v. Board of Educ. of Westbury Union Free School Dist., 91 AD3d 955, 955; Matter of Saunders v Rockland Board of Coop. Educ. Servs., 62 AD3d at 1013).
Here, the hearing officer's determination has evidentiary support and was not arbitrary and capricious (see City School Dist. of City of N.Y. v McGraham, 17 NY3d 917, 919; Matter of Powell v New York City Dept. of Educ., 144 AD3d 920, 921). Moreover, the petitioner was provided with adequate notice of the charges in this administrative proceeding, as the notice was reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights were being determined of the charges against him and to allow for the preparation of an adequate defense (see Matter of Block v Ambach, 73 NY2d 323, 333; Matter of Forman v New York State Dept. of Motor Vehs., 110 AD3d 1075, 1076).
The penalty of termination of the petitioner's employment was not irrational or shocking to one's sense of fairness (see Matter of Mazzella v Bedford Cent. Sch. Dist., 154 AD3d 761, 763).
The petitioner's remaining contentions are without merit.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court