Matter of O'Connell (State Farm Mut. Auto. Ins. Co.) (2020 NY Slip Op 05626)





Matter of O'Connell (State Farm Mut. Auto. Ins. Co.)


2020 NY Slip Op 05626


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., TROUTMAN, WINSLOW, AND BANNISTER, JJ.


442 CA 19-01711

[*1]In the Matter of the Arbitration Between CHRISTINE M. O'CONNELL, PETITIONER-RESPONDENT, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






HURWITZ & FINE, P.C., BUFFALO (STEVEN E. PEIPER OF COUNSEL), FOR RESPONDENT-APPELLANT.
GELBER & O'CONNELL, LLC, AMHERST (TIMOTHY G. O'CONNELL OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 1, 2019. The judgment awarded petitioner money damages upon an arbitration award. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: This case arose from a motor vehicle accident that occurred when petitioner's vehicle was struck by a vehicle that failed to stop for a red light. Following petitioner's recovery of damages in an underlying action against the driver of the other vehicle, petitioner submitted a supplemental uninsured/underinsured motorist (SUM) coverage claim to respondent, State Farm Mutual Automobile Insurance Company (State Farm). The matter proceeded to compulsory arbitration, and the arbitrator awarded petitioner $2,250,000, less the setoff amount of $474,771.21, for a total of $1,775,228.79. Supreme Court granted petitioner's motion to confirm the arbitration award and denied State Farm's cross motion to vacate the award. In appeal No. 1, State Farm appeals from a judgment that, inter alia, confirmed the arbitration award. In appeal No. 2, State Farm appeals from an order that, inter alia, granted petitioner's motion to confirm the arbitration award and denied State Farm's cross motion to vacate the award. In appeal No. 3, State Farm appeals from an order denying its application, pursuant to CPLR 2601 and 5519 (c), for an order permitting payment of the judgment into court.
Preliminarily, inasmuch as the order appealed from in appeal No. 2 was subsumed in the judgment appealed from in appeal No. 1, appeal No. 2 must be dismissed (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; see also Matter of Toussie v Coastal Dev., LLC, 161 AD3d 533, 533 [1st Dept 2018]; Deragon v Burkart, 55 AD3d 1309, 1309 [4th Dept 2008]). Furthermore, inasmuch as State Farm does not challenge any aspect of the order appealed from in appeal No. 3, we dismiss that appeal as abandoned (see Abasciano v Dandrea, 83 AD3d 1542, 1545 [4th Dept 2011]).
We reject State Farm's contention in appeal No. 1 that the arbitration award is arbitrary and capricious, irrational and unsupported by the evidence. "It is well settled that judicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]; see Whitney v Perrotti, 164 AD3d 1601, 1602 [4th Dept 2018]). As relevant here, a court may vacate an arbitration award if it finds that the rights of a party were prejudiced when "an arbitrator . . . exceeded his [or her] power" (CPLR 7511 [b] [1] [iii]). An arbitrator exceeds his or her power where, inter alia, the award is [*2]"irrational" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]). "An award is irrational if there is no proof whatever to justify the award" (Matter of Town of Scriba [Teamsters Local 317], 129 AD3d 1596, 1597 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1122 [4th Dept 2013], lv denied 21 NY3d 863 [2013]). If the arbitrator "offers even a barely colorable justification for the outcome reached, the arbitration award must be upheld" (Whitney, 164 AD3d at 1602 [internal quotation marks omitted]; see Matter of Town of Tonawanda [Town of Tonawanda Salaried Workers Assn.], 160 AD3d 1477, 1477 [4th Dept 2018], lv denied 32 NY3d 908 [2018]).
Where, as here, the parties are "subject to compulsory arbitration, the award must satisfy an additional layer of judicial scrutiny—it 'must have evidentiary support and cannot be arbitrary and capricious' " (City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919 [2011], quoting Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]). " 'When reviewing compulsory arbitrations . . . , the court should accept the arbitrator's credibility determinations, even when there is conflicting evidence and room for choice exists' " (Matter of Powell v Board of Educ. of Westbury Union Free School Dist., 91 AD3d 955, 955 [2d Dept 2012]).
Here, the record establishes that the findings of the arbitrator were rational, had evidentiary support, and were not arbitrary and capricious (see Motor Veh. Acc. Indem. Corp., 89 NY2d at 223-224; Matter of Bender [Lancaster Cent. Sch. Dist.], 175 AD3d 993, 996 [4th Dept 2019]). The arbitrator's decision reflects his review of the parties' submissions, the oral arguments of counsel, and the testimony of petitioner, and the arbitrator's evaluation of the testimony and analyzation of the medical, no-fault, and property damage records. The arbitrator noted that State Farm had conceded that petitioner had no prior relevant medical history but required an extensive three-level spinal surgery at a very young age, and the arbitrator determined that the diagnosis of petitioner's spinal surgeon that petitioner's injuries were caused by the accident was supported by the opinions of the radiologists and other treating physicians. The arbitrator further determined that the diagnosis and opinions of petitioner's spinal surgeon and chiropractor were supported by the objective evidence, whereas the opinions of the neurosurgeon who conducted the independent medical examination of petitioner were at odds with the opinions of the radiologists and petitioner's surgeon regarding the severity and progression of petitioner's injuries. We thus conclude that there is evidentiary support for the arbitrator's conclusion that petitioner is entitled to collect the SUM benefits from State Farm.
We have considered the remaining contentions of State Farm and conclude that none warrants modification or reversal of the judgment.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court