20-3718-cv
Razzano v. Remsenburg-Speonk Union Free School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

Janice Razzano,

> *Plaintiff-Appellant*,

> v.                                                                                    No. 20-3718

Remsenburg-Speonk Union Free School District,
Katherine Salomone, Thomas Kerr, Lisa Fox,
Kevin Frederico, Cecilia Spellman-Frey, Joel
Petersen, in their official and individual capacities
pursuant to NYEL:290 et seq.,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:                    JANICE RAZZANO, *pro se*, East
                                                                        Moriches, NY.

**FOR DEFENDANTS-APPELLEES:**          SCOTT J. KREPPEIN, Devitt Spellman
Barrett, LLP, Smithtown, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on September 30, 2020, is **AFFIRMED.**

*Pro se* appellant Janice Razzano sued her former employer, the Remsenburg-Speonk Union Free School District (the "District"), and six individuals (the District and the six individuals together, "Defendants") for disability discrimination, failure to accommodate, retaliation, and a hostile work environment under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.* Razzano, who was represented by counsel in the district court, alleged that she was subjected to harassment and various adverse employment actions after she developed and complained of respiratory symptoms allegedly caused by workplace environmental conditions. The district court initially dismissed her complaint for failure to prosecute and as barred by res judicata and collateral estoppel, and a panel of this Court remanded for further proceedings. *See Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, 751 F. App'x 24 (2d Cir. 2018) (summary order).

On remand, Defendants moved for summary judgment and Razzano did not submit any evidence in opposition. The district court granted Defendants' motion, ruling that Razzano abandoned her § 1983 claim and that collateral estoppel barred the remaining claims. It found that the essential issues in her current suit were resolved against her in a prior state court

proceeding, which confirmed a state hearing officer's decision to terminate her employment. *See Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, 41 N.Y.S.3d 72, 74 (2d Dep't 2016). On appeal, Razzano challenges the grant of summary judgment as to her ADA and NYSHRL claims.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as necessary to explain our decision.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial," however; "[c]onclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact." *Shannon v. New York City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003) (internal quotation marks and alteration omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). A district court's application of collateral estoppel is also reviewed *de*

---

[1] In this appeal, Razzano also moves for an order (1) initiating an investigation into Defendants' handling of medical records that were part of the summary judgment evidence; (2) sealing a document purportedly containing private information; and (3) granting her leave to file a supplemental appendix. Upon due consideration, those motions are DENIED. *See* Fed. R. App. P. 10(e)(2) (establishing standard for modification of the record); *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). We conduct our review on the basis of the trial record and do not expand the record on appeal except in "extraordinary circumstances." *Int'l Bus. Machines Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975).

3

*novo*. *See Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017).

ADA and NYSHRL claims are reviewed under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Bey v. City of New York*, 999 F.3d 157, 165 (2d Cir. 2021) (ADA); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (NYSHRL). Under that framework, the plaintiff must first establish a *prima facie* case. If she succeeds in doing so, the burden then shifts to the defendant to proffer a legitimate, non-discriminatory reason for its actions. Upon such a proffer, the burden returns to the plaintiff to show that the stated reason was pretext for unlawful discrimination or retaliation. *See Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251–52 (2d Cir. 2014).

## A.        Disparate Treatment and Retaliation Claims

To establish a *prima facie* case of disparate treatment discrimination under the ADA, a plaintiff must show that: (1) her employer is subject to the ADA; (2) she was disabled within the meaning of the ADA; (3) she was qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered an adverse employment action because of her disability. *See Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020); *see also Kinneary v. City of New York*, 601 F.3d 151, 158 (2d Cir. 2010) (requiring "the same elements" to establish ADA and NYSHRL disability claims). To make out a *prima facie* case of retaliation, a plaintiff must establish, among other elements, "a causal connection" between the plaintiff's protected activity and an adverse employment action. *Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019).

The record at summary judgment reflected only two adverse employment actions: first, the District's reclassification of Razzano's position from full-time to part-time in the summer of 2010;

4

and second, the 2013 disciplinary proceedings that resulted in her termination.[2] Even assuming that Razzano established a *prima facie* case of discrimination or retaliation based on these two events, however, the District proffered legitimate, nondiscriminatory reasons for each action: respectively, its budgetary pressures and Razzano's misconduct. Razzano is precluded from asserting that either of those reasons was pretextual by the outcomes of two prior state-court proceedings: an N.Y. C.P.L.R. § 7801 ("Article 78") proceeding in which she challenged the reclassification of her position, and an N.Y. C.P.L.R. § 7511 ("Article 75") proceeding in which she challenged a hearing officer's determination, in a hearing held under N.Y. Educ. L. § 3020-a, that her employment should be terminated.

"Under New York law, collateral estoppel prevents a party from relitigating an issue decided against that party in a prior adjudication." *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (internal quotation marks and alteration omitted). Collateral estoppel "may be invoked to preclude a party from raising an issue (1) identical to an issue already decided (2) in a previous proceeding in which that party had a full and fair opportunity to litigate . . . [and] the issue that was raised previously must be decisive of the present action." *Id.*; *see also Burkybile v. Bd. of Educ. of Hastings-on-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 310 (2d Cir. 2005) ("New York courts give quasi-judicial administrative fact-finding preclusive effect where there has been a full and fair opportunity to litigate."). Federal courts generally give state court and

---

[2] Razzano refers to other alleged acts of discrimination, harassment, and retaliation in her brief on appeal, but she never presented the district court with any evidence that these events occurred or that other employees were treated differently, and she did not mention these allegations in her opposition to summary judgment filed in the district court. Accordingly, we decline to consider them now. *See Greene*, 13 F.3d at 586.

5

administrative proceedings the same preclusive effect as do courts of the state in which the proceedings occurred. *See id.* at 310–12 (giving preclusive effect to § 3020-a hearing decision); *LaFleur v. Whitman*, 300 F.3d 256, 272 (2d Cir. 2002) ("A judgment pursuant to Article 78 may preclude relitigation of issues already decided in that earlier judgment."). In the context of ADA claims, the Court gives preclusive effect only to a state agency's findings that have been judicially reviewed. *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796 (1986) ("Congress did not intend *unreviewed* state administrative proceedings to have preclusive effect on Title VII claims." (emphasis added)); *Joseph v. Athanasopoulos*, 648 F.3d 58, 64 n.6 (2d Cir. 2011) (applying *Elliott*'s preclusion rule to ADA claims). Such review took place here as to both Razzano's Article 78 and Article 75 proceedings.

In its review of the Article 78 proceedings, the Appellate Division ruled that the District reclassified Razzano's position "based on valid budget[ary] concerns and . . . not . . . in bad faith or to retaliate for the petitioner's complaints" about the school building. *Razzano v. Remsenburg-Speonk UFSD*, 80 N.Y.S. 3d 347, 349 (2d Dep't 2018). In its review of the Article 75 proceedings, the Appellate Division affirmed the hearing officer's findings that Razzano should be terminated because she had engaged in misconduct and was mentally unfit for her position. *See Razzano*, 41 N.Y.S.3d 72, 73–74 (2d Dep't 2016). It also affirmed the hearing officer's rejection of her defense that the District was retaliating against her for her complaints. *Id*. at 74. This case raises identical issues—*i.e.*, whether the reasons the District gave for its actions were legitimate or pretextual, and whether the District was in fact motivated by Razzano's claims that she suffered from a medical condition, her complaints of environmental hazards, and her requests for accommodations. Those issues are decisive here. *See Curry*, 316 F.3d at 332 (stating that an

issue is "'decisive in the present action' if it would prove or disprove, without more, an essential element of any of the claims set forth in the complaint").

Razzano's arguments to the contrary are unpersuasive. She principally argues that the nature of the issues raised in the disciplinary hearing is insufficiently clear from the present record. Unlike the record before this Court in her earlier appeal, however, the district court record now shows that it considered the psychiatric report that the administrative hearing officer relied upon, the New York Supreme Court's summary of the hearing, and the allegations made in Razzano's Article 75 petition. These documents show what issues were raised before—and necessarily decided by—the hearing officer. *See In re Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, No. 13-16057, 2014 WL 655294, at *1 (N.Y. Sup. Ct. Jan. 31, 2014). The record before the district court on remand was also expanded to include the results of Razzano's Article 78 proceeding and its decision so reflects.[3]

Even if Razzano were correct that collateral estoppel is inapplicable here, however, she presented no evidence in opposition to Defendants' motion for summary judgment, and she identifies no basis in Defendants' evidence on which a reasonable jury could rule in her favor. The burden rests on a party opposing summary judgment to identify specific evidence establishing the existence of a genuine dispute of material fact for trial. *See Shannon*, 332 F.3d at 99. Razzano has failed to carry this burden. Razzano's appellate arguments regarding the incompleteness of the evidentiary record before the district court are not persuasive and do not satisfy her obligation to have produced relevant evidence in the district court.

---

[3] We decline to consider Razzano's remaining arguments against applying collateral estoppel because they are raised for the first time on appeal. *See Greene*, 13 F.3d at 586.

**B. Failure-to-Accommodate Claims**

To make out a *prima facie* failure-to-accommodate claim, a plaintiff must present evidence establishing, *inter alia*, that she could perform the essential functions of her position with an accommodation, but her employer refused to make a requested accommodation. *See Bey*, 999 F.3d at 165. Razzano asserts in her brief on appeal that she requested and was denied an office with a window, and that the District failed to maintain accommodations that it initially afforded. But she points to no record evidence to support those assertions. Absent any such evidence, the district court correctly found that there was no genuine dispute of material fact for trial. *See Amnesty Am. v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.").

**C. Hostile Work Environment Claims**

To prevail on a hostile work environment claim, a plaintiff must show, *inter alia*, that "a workplace is so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." *Desardouin v. City of Rochester*, 708 F.3d 102, 105 (2d Cir. 2013) (internal quotation marks omitted). As discussed above, the record here contains only limited evidence of adverse actions, and Razzano is collaterally estopped from asserting that either the reduction in her work hours or the disciplinary proceedings was unjustified. To the extent that Razzano now refers to other alleged adverse employment events in her appellate brief to support her hostile work environment claim, she does not identify any record evidence from which a reasonable jury could conclude that those events occurred—and much less evidence from which a reasonable jury could conclude that they

8

amounted to harassment so pervasive and severe that they altered the terms and conditions of her employment. *See id*. Absent such evidence, the district court properly granted summary judgment to Defendants on Razzano's hostile work environment claims.

We have considered all of Razzano's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Razzano's motions for an inquiry, to seal, and for leave to file a supplemental appendix.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9