Matter of O'Brien v Yonkers City Sch. Dist. (2023 NY Slip Op 03011)

Matter of O'Brien v Yonkers City Sch. Dist.

2023 NY Slip Op 03011

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-01606
 (Index No. 61459/19)

[*1]In the Matter of Denis O'Brien, appellant,
v
Yonkers City School District, respondent.

Glass Harlow & Hogrogian LLP, Pearl River, NY (Bryan D. Glass of counsel), for appellant.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Joanna M. Topping, and Marissa Vitolo of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a determination of a hearing officer made pursuant to Education Law § 3020-a dated July 22, 2019, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated December 11, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to vacate the penalty of termination of employment, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the respondent for the imposition of a lesser penalty.
The petitioner, a tenured teacher in the respondent, Yonkers City School District, was charged with conduct unbecoming a teacher, misconduct, and insubordination for, inter alia, allegedly inappropriately restraining a female student who was trying to get past him. The charges proceeded to arbitration, resulting in a determination, after a hearing, finding the petitioner culpable of the above-described inappropriate conduct and imposing a penalty of termination of employment. The petitioner thereafter commenced this proceeding pursuant to CPLR article 75 to vacate the determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Where, as here, the obligation to arbitrate arises through a statutory mandate (see Education Law § 3020-a), the determination of the arbitrator is subject to 'closer judicial scrutiny' under CPLR 7511(b) than it would otherwise receive" (Matter of Powell v Board of Educ. of Westbury Union Free School Dist., 91 AD3d 955, 955, quoting Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d 1012, 1013). "An award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d at 1013; see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223; Matter of White v Roosevelt Union Free Sch. Dist. Bd. of Educ., 147 AD3d 1071, 1072).
Here, there was a rational basis and evidentiary support for the finding that the petitioner committed the conduct with which he was charged by inappropriately restraining a female student who was trying to get past him. Although a video of the incident, which was admitted into evidence at the hearing, could be interpreted in more than one way, this Court must "accept the arbitrator's credibility determinations, even where there is conflicting evidence and room for choice exists" (Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d at 1013; see Matter of White v Roosevelt Union Free Sch. Dist. Bd. of Educ., 147 AD3d at 1073).
However, in light of the petitioner's otherwise unblemished record of approximately 19 years as a teacher with the respondent, the penalty of termination of employment was so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Principe v New York City Dept. of Educ., 94 AD3d 431, 433, affd 20 NY3d 963; Matter of Solis v Department of Educ. of City of N.Y., 30 AD3d 532). Accordingly, we remit the matter to the respondent for the imposition of a lesser penalty (see Matter of Solis v Department of Educ. of City of N.Y., 30 AD3d at 532).
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court