Matter of Harvey v Board of Educ. of the Uniondale Union Free Sch. Dist. (2023 NY Slip Op 06045)

Matter of Harvey v Board of Educ. of the Uniondale Union Free Sch. Dist.

2023 NY Slip Op 06045

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-02882
 (Index No. 614331/19)

[*1]In the Matter of Lionel Harvey, appellant,
v
Board of Education of the Uniondale Union Free School District, et al., respondents.

The Law Offices of Michael J. Alber, P.C., Huntington Station, NY (Michael J. Alber and Steven Zalewski of counsel), for appellant.
Jaspan Schlesinger LLP, Garden City, NY (Stanley A. Camhi, Carol A. Melnick, Edward H. Grimmett, and Rachel L. Patrick of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a determination of a hearing officer made pursuant to Education Law § 3020-a, dated October 2, 2019, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Thomas Feinman, J.), dated January 10, 2019. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, a tenured teacher employed by the respondent school district, was charged with misconduct, and his employment was terminated after a hearing pursuant to Education Law § 3020-a. The hearing officer sustained two of the three specifications supporting the charge, including the specification alleging that the petitioner engaged in sexual conduct with a district student. The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the hearing officer's determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding, and the petitioner appeals.
The standard of review mandated by Education Law § 3020-a(5)(a) is that of CPLR article 75, which provides that an arbitration award may be vacated only on a showing of misconduct, bias, excess of power, or procedural defects (see CPLR 7511[b][1][i]-[iv]; Matter of Simpson v Poughkeepsie City Sch. Dist., 206 AD3d 741, 742). Where, as here, the obligation to arbitrate arises through statutory mandate (see Education Law § 3020-a), the arbitrator's determination is subject to closer judicial scrutiny than it would receive had the arbitration been conducted voluntarily (see Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d 1012, 1013). The award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious (see City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919; Matter of Board of Educ. of Hauppauge Union Free Sch. Dist. v Hogan, 109 AD3d 817, 819). "In addition, article 75 review questions whether the decision was rational or had a plausible basis" (Matter of Johnson v Riverhead Cent. Sch. Dist., 166 AD3d 880, 881 [internal quotation marks omitted]). When reviewing compulsory arbitrations in education proceedings such as this, the court should accept the hearing officer's credibility determinations, even where there is conflicting [*2]evidence and room for choice exists (see Matter of O'Brien v Yonkers City Sch. Dist., 217 AD3d 675, 676-677; Matter of Johnson v Riverhead Cent. Sch. Dist., 166 AD3d at 881).
Here, the hearing officer's decision was rational, had evidentiary support, and was not arbitrary and capricious (see Matter of Johnson v Riverhead Cent. Sch. Dist., 166 AD3d at 881; Matter of Mazzella v Bedford Cent. Sch. Dist., 154 AD3d 761, 762). Moreover, the petitioner was provided with adequate notice of the charges in this administrative proceeding, as the notice was reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights were being determined of the charges against him and to allow for the preparation of an adequate defense (see Matter of Block v Ambach, 73 NY2d 323, 333; Matter of Johnson v Riverhead Cent. Sch. Dist., 166 AD3d at 881). Contrary to the petitioner's contention, the charges specified under charge one were sufficient to plead conduct constituting a crime, and therefore it was not barred on its face by the three-year limitations period (see Education Law § 3020-a[1]; Matter of Board of Educ. of Hauppauge Union Free Sch. Dist. v Hogan, 109 AD3d at 819; Matter of Tasch v Board of Educ. of City of N.Y., 3 AD3d 502, 502-503).
The petitioner's remaining contentions are without merit.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court